MILDRED E. TIFFANY and HAROLD E. TIFFANY, Plaintiffs, v. O'TOOLE REALTY COMPANY, a corporation of the State of Delaware, and T. B. O'TOOLE, INC., a corporation of the State of Delaware, Defendants.

(*June* 29, 1959.)

CHRISTIE, J., sitting.

*John T. Gallagher* and *John F. Hyde* for plaintiff, Mildred E. Tiffany, and for Mildred E. Tiffany, Executrix of the Estate of Harold E. Tiffany.

*James R. Morford* and *William F. Taylor* (of Morford, Young and Conaway) for defendants.

Superior Court for New Castle County, No. 1082, Civil Action, 1951.

CHRISTIE, J.:

Plaintiff, Mildred E. Tiffany, allegedly suffered personal injuries on December 29, 1950, when she fell at the entrance to an apartment building owned by defendant, O'Toole Realty Company. In December, 1951, Mildred E. Tiffany filed suit for alleged permanent injuries, pain and suffering, loss of wages and earning power. At the same time her husband, Harold E. Tiffany, brought suit for medical and hospital expenses incurred by him in treating his wife. Mr. Tiffany also sued for loss of consortium and for damage to his business resulting from his wife's inability to perform her usual services.

Plaintiff, Harold E. Tiffany, died on May 4, 1954. Plaintiff's original attorney withdrew his appearance on May 11, 1954. Plaintiffs were not again represented by counsel until February 4, 1958, when Mr. Gallagher was retained. Still later, Mr. Hyde joined Mr. Gallagher in representing the plaintiffs. No substi-

tution of a personal representative for the deceased plaintiff was attempted until February 20, 1958. At that time plaintiff, Mildred E. Tiffany, filed a paper with the Court entitled "Suggestion of Death of Party" which stated that the causes of action of the deceased Harold E. Tiffany survived only to Mildred E. Tiffany, the plaintiff, and would be prosecuted by her.

Defendants have moved to dismiss the causes of action of plaintiff, Harold E. Tiffany, under the provisions of Superior Court Rule 25(a) (1), *Del. C. Ann.*, on the ground that more than two years have elapsed since his death without substitution of the proper party in his place as plaintiff.

The pertinent parts of Superior Court Rule 25 read as follows:

"Rule 25. Substitution of parties

"(a) Death

"(1) If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process, and may be served in any county.

"(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties."

These portions of Superior Court Rule 25 are in all material respects identical to the corresponding parts of Federal Rule 25, 28 *U. S. C. A.*

It is obvious that Superior Court Rule 25(a) (1) would bar the claim of Harold E. Tiffany since substitution was not made within two years if such rule applies and if it is valid. To avoid this result, plaintiff argues that Superior Court Rule 25(a) (2) is the applicable rule and that under Superior Court Rule 25(a) (2) there is no time limit for the suggestion of the death of a party upon the record. Plaintiff also maintains that Superior Court Rule 25(a) (1) is invalid.

Plaintiff's argument as to the applicability of Superior Court Rule 25(a) (2) is based on the fact that the estate of Harold E. Tiffany is fully settled and a final accounting has been filed and approved. The other plaintiff in this case, Mildred E. Tiffany, is Harold E. Tiffany's widow. She was also the executrix under his will and the sole beneficiary of his residuary estate.

Because of these facts, plaintiff argues that the right sought to be enforced survives only to herself as surviving plaintiff. If this assertion is correct, Superior Court Rule 25(a) (2) would be applicable and it would be necessary to decide whether the suggestion of the death was timely under that rule.

Since the estate is settled, there can be little doubt that the surviving widow as sole beneficiary of the estate will be the only direct recipient of any recovery had on her late husband's causes of action. Does this mean that his right of action survives only to her as remaining plaintiff within the meaning of Superior Court Rule 25(a) (2)?

The only case cited by either party on this point appears to support plaintiff's view. *Bush v. Remington Rand, Inc.*, 2 *Cir.*, 1954, 213 *F.* 2d 456, *certiorari* denied 1954, 348 *U. S.* 861, 75 *S. Ct.* 85, 99 *L. Ed.* 679. In that case a Mrs. Dysart transferred a three-quarters interest in a patent in equal parts to her three children. She and her children joined in a lawsuit to protect rights under

the patent. After the action was filed, Mrs. Dysart died and no immediate action was taken under Federal Rule 25. More than four years later, her death was suggested on the record. Defendant moved to dismiss under Federal Rule 25(a) (1).

The Court ruled that the failure to substitute in accordance with Federal Rule 25(a) (1) was not fatal since under the distribution of Mrs. Dysart's estate, full legal title to the claim against defendant passed to the children and the children were already parties. Thus, in effect the Court found that Federal Rule 25(a) (2) rather than Federal Rule 25(a) (1) was applicable. However, as to another separate claim asserted in the same action, the Court said Federal Rule 25(a) (1) would apply and that claim was saved only by defendant's waiver.

In that portion of the *Bush* case which appears to favor plaintiff's position, the cause of action originally asserted by the deceased was identical to the cause asserted by the surviving children. The Court held that suggestion under Federal Rule 25(a) (2) was sufficient. In contrast, the case at bar involves a cause of action asserted by the surviving widow, which is not identical to that asserted by the deceased. Where that situation arose in the *Bush* case, the Court suggested the applicability of the 25(a) (1) substitution rule.

The statutes in Delaware carefully distinguish between the rights of an heir or beneficiary and those of an executor or administrator.

The statutes as to survival of actions read as follows:

"10 *Delaware Code*

"§ 3701.   Causes of action generally.

"All causes of action, except actions for defamation, malicious prosecution, or upon penal statutes shall survive to and against the executors or administrators of the person to, or against whom, the cause of action accrued. Accordingly, all

actions, so surviving, may be instituted or prosecuted by or against the executors or administrators of the person to or against whom the cause of action accrued. This section shall not affect the survivorship among the original parties to a joint cause of action.

"§ 3702. Death of party.

"Upon the death of one or more of several plaintiffs or defendants in an action, wherein the cause of action survives, such action shall not abate, but may be prosecuted by or against the surviving plaintiff or defendant. * * *

"§ 3704. Personal injury actions.

"(a) No action brought to recover damages for injuries to the person by negligence or default shall abate by reason of the death of the plaintiff, but the personal representatives of the deceased may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction."

It is to be noted that in sections 3701 and 3704(a) the action is preserved and may be prosecuted only by the executors or administrators of the deceased. No mention is made of the deceased's heirs or beneficiaries under a will. Section 3702 does not apply here because the surviving plaintiff was not a party to the deceased's original causes of action. Rather the deceased had asserted his own separate but related causes of action.

It is my opinion that the deceased's causes of action survived only to his executor or administrator and not to any heir or beneficiary in their individual capacity. Even though Mrs. Tiffany subsequently became the deceased's executrix, she was not a party to this action in that capacity when it was originally filed, so the right of action sought to be enforced cannot survive to her as a surviving plaintiff. It follows that Superior Court Rule 25(a) (2) is not applicable.

A more difficult problem is presented by plaintiff's assertion that even if Superior Court Rule 25(a) (1) applies, it is invalid.

The argument arises from the following history of Federal Rule 25(a) (1). At the time the original Federal Rule was adopted in 1938 there was a federal statute which contained substantially similar provisions as Federal Rule 25(a) (1). 42 *Stat.* 352; 28 *U. S. C.* § 778 (1946).

During the period that Federal Rule 25(a) (1) was backed up by the statute, the United States Supreme Court strictly construed it and stated that it was both a statute of limitations and a mandate to the Court to dismiss. *Anderson v. Yungkau,* 1947, 329 *U. S.* 482, 67 *S. Ct.* 428, 91 *L. Ed.* 436. See also *Henebry v. Sims, D. C.* 1958, 22 *F. R. D.* 10.

Thereafter, in 1948 Congress repealed the statute upon which Federal Rule 25(a) (1) was based, taking the position that the statute was made unnecessary by the rule.

Federal Rule 25(a) (1) again came before a federal court in the case of *Perry v. Allen,* 5 *Cir.,* 1956, 239 *F.* 2d 107. Plaintiff Perry brought an action against the District Collector of Internal Revenue for recovery of taxes. The Collector died in 1952 while the action was pending, and in 1955 the plaintiff moved to substitute the deceased's administrator as party defendant. Defendant set up the two year bar of Federal Rule 25(a) (1). The plaintiff asserted that Federal Rule 25(a) (1) was no longer valid as the legislative statute of limitations on which it was based had been repealed.

The district court denied that the repeal of the supporting statute of limitations rendered Federal Rule 25(a) (1) unenforceable and dismissed the action for failure to make substitution within the time allowed. On appeal, the circuit court reversed, holding that the inflexible time limitation of Federal Rule 25(a) (1), unsupported by statute, is invalid because it abridges a litigant's substantive rights, and thus goes beyond the rule making power of the Courts.

Since the statute granting the federal courts the power to make rules of procedure is similar in language to the corre-

sponding Delaware statute (28 *U. S. C.* § 2072, 10 *Del. C.* § 561) and since the rule is virtually identical, the reasoning in the federal cases must be given great weight in interpreting the rule.

The two-year period of limitations contained in Superior Court Rule 25(a) (1) finds no support in any Delaware statute other than the statute granting rule making power. It is well established that courts may make rules of procedure but not rules as to substantive rights. It therefore follows that if the rule is procedural, it is supported by state statute and is valid. If it is substantive, it goes beyond the legislative grant of power and is invalid. The Court apparently regarded the rule as procedural or it would not have adopted it as one of its rules of procedure.

The problem of whether a given matter is procedural or substantive is one constantly dealt with. See *Sampson v. Channell,* 1 *Cir.,* 110 *F.* 2d 754, 128 *A. L. R.* 394, *certiorari* denied 1940, 310 *U. S.* 650, 60 *S. Ct.* 1099, 84 *L. Ed.* 1415; *Sibbach v. Wilson & Co.,* 312 *U. S.* 1, 61 *S. Ct.* 422, 85 *L. Ed.* 479, opinion amended 1941, 312 *U. S.* 655, 61 *S. Ct.* 422, 85 *L. Ed.* 479; *Mississippi Publishing Corp. v. Murphree,* 1946, 326 *U. S.* 438, 66 *S. Ct.* 242, 90 *L. Ed.* 185; *Cohen v. Beneficial Industrial Loan Corp.,* 1949, 337 *U. S.* 541, 69 *S. Ct.* 1221, 93 *L. Ed.* 1528; *Stockman v. McKee,* 1950, 6 *Terry* 274, 71 *A.* 2d 875; *Curran v. Wooley,* 1954, 9 *Terry* 214, 101 *A.* 2d 303, affirmed 9 *Terry* 382, 104 *A.* 2d 771. This problem is a particularly difficult one when a statute of limitations is involved. See *Guaranty Trust Co. of New York v. York,* 1945, 326 *U. S.* 99, 65 *S. Ct.* 1464, 89 *L. Ed.* 2079; *Equity Corporation v. Groves,* 1947, 30 *Del. Ch.* 68, 53 *A.* 2d 505.

Any time limitation is substantive in that a failure to act within such limitation may mean the loss of valuable substantive rights. If one substantive right is the right to trial of a case on its merits, then every rule of procedure limiting such right is to some extent substantive.

On the other hand, court rules must prescribe time limits as a matter of orderly procedure.

Professor Moore describes Federal Rule 25 as "easily the poorest rule of all the Federal Rules", 4 *Moore's Federal Practice* (2d Ed.) 510. He states that it deals with a substantive matter and that as a procedural rule it should not contain an arbitrary time limit. However, he goes on to suggest that under an appropriate procedural rule, the time within which substitution must be made should be determined by analogy to the statutes of limitations for commencing an action.[1] Under Moore's suggested theory, Harold E. Tiffany's actions are clearly barred.

The *Perry v. Allen* view that Federal Rule 25(a) (1) is essentially substantive has been subject to much criticism. 105 *U. of Pa. L. Rev.* 1098 (1957); 45 *Calif. L. Rev.* 785 (1957); 70 *Harv. L. Rev.* 1471 (1957); 43 *Va. L. Rev.* 431 (1957). A number of federal courts have come to an opposite conclusion. *Foltz v. Moore-McCormack Lines, Inc.*, D. C. 1956, 19 *F. R. D.* 301; *Rhodes v. Collier*, D. C. 1955, 18 *F. R. D.* 50; *Santiago v. The Ines*, D. C. 1958, 166 *F. Supp.* 212; see also 2 *Federal Practice and Procedure*, Baron & Holtzoff, § 621.

There is some suggestion that Delaware statutes of limitations are generally regarded as procedural. *Equity Corporation v. Groves*, 1947, 30 *Del. Ch.* 68, 53 *A.* 2d 505.

■ I am of the opinion that *Perry v. Allen* came to an incorrect decision and that the application of that holding to Rule 25(a) (1) of this Court would be error.

It is my conclusion that Superior Court Rule 25(a) (1) is a valid rule of procedure and here bars the claims asserted in the name of Harold E. Tiffany.

---

[1]The advisory committee for the federal court has suggested changes in Federal Rule 25(a) (1) along the lines discussed by Professor Moore. However, as yet, no changes have been made, and the present Federal Rule remains much the same as the Superior Court Rule.

Defendants' motion to dismiss the causes of action asserted in the name of Harold E. Tiffany is granted.