Clarence J. Henry, J.
On August 13, 1960, Rosamond W. Richardson, executrix of the estate of C. Howard Richardson, deceased, by service of a summons, commenced an action (Action 1) against Forbes Butler, the petitioner herein. Two days thereafter Rosamond W. Richardson died.
On some unknown later date (apparently shortly after the death of the executrix) Clark Howard Richardson, one of the defendants in Action 2, was appointed administrator c. t. a., of the C. Howard Richardson estate.
*560 No new summons with Clark Howard Richardson as administrator c. t. a., as plaintiff, was ever served on the petitioner [plaintiff Forbes], nor was an order obtained substituting the former as party plaintiff in place of the deceased executrix.
Despite these shortcomings the Clerk of Steuben County, on application of Clark Howard Richardson, as administrator c. t. a., entered judgment by default in his favor and against the petitioner, on September 14, 1960, in the sum of $794.69 (Action 1). The original summons, with Rosamond W. Richardson, executrix, as plaintiff, was the only summons ever filed in connection with the said judgment, the variance between the plaintiff named thereon and the plaintiff in whose favor the judgment was entered having apparently escaped the Clerk.
A transcript of the judgment was filed in Allegany County, execution issued thereunder, and the Sheriff of that county seized (on March 2, 1961) and sold (on March 11, 1961) for $850 certain personal property belonging to the petitioner, the proceeds of which he still retains.
On or about April 19, 1961, the petitioner commenced the instant action (Action 2) in the Supreme Court, Steuben County, to obtain vacation of the default judgment, restraint of further steps in enforcement thereof, and damages. He instantly petitions for a stay of all proceedings under such judgment pending the determination of the action.
The petition is addressed to the discretion of the court and, under the circumstances presented herein, ought to be exercised favorably to the petitioner and the status quo preserved until the action determines the rights of the parties. An early trial appears in prospect and no prejudice will result from a relatively short further delay.
The default judgment was clearly entered improperly. Upon the death of the executrix two courses of action were available to the plaintiff: (1) the issuance and service of a new sum-
mons with the administrator c. t. a. as plaintiff, or (2) an application for his substitution in the original summons as party plaintiff. The latter recommends itself as the simpler method, as jurisdiction over the defendant would persist, and the rules make clear provision therefor (Civ. Prac. Act, § 84). One course or the other should have been pursued. The successor representative was a necessary party plaintiff and, absent a new summons, without an order of substitution (with the court’s permission implicit) there was no authority to proceed (Potter v. Ellice, 48 N. Y. 321; Thomas v. Hawkins, 234 App. Div. 715). It is to be noted that section 84 requires a motion to effect substitution.
*561 While it is true that an amendment of the summons, nunc pro tunc, substituting the administrator c. t. a. for the executrix might, as suggested and moved for by the former, cure all defects and resolve the entire matter; and while such an application appeals for consideration in light of the fact that the estate, not the representatives, is actually the claimant in the original action; nevertheless the suggestion must be rejected, for the reason that the administrator c. t. a. was not authorized and acting as such when the summons was served. A court may record an existing fact nunc pro tunc, but it cannot record a fact as of a prior date when it did not then exist (Smith v. New York Cent. R. R., 183 App. Div. 478; Guaranty Trust & Safe Deposit Co. v. Philadelphia, Reading & New England R. R. Co., 160 N.Y.1).
The motion for a stay pending the determination of the petitioner’s action (Action 2) now pending in the Supreme Court, Steuben County, is granted.
The motion of the administrator c. t. a. to amend the summons served in connection with the default judgment (Action 1) is denied.