**W. COLEMAN, Defendant below, Appellant,**

v.

**Ernest DURDEN, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted April 25, 1975.

Decided May 16, 1975.

Morton Richard Kimmel of Kimmel, Spiller & Bradley, Wilmington, for defendant below, appellant.

Frank J. Gentile, Jr., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

Defendant died after a judgment had been entered against him in the Superior Court and a personal representative was not appointed for his estate within the thirty-day appeal period provided by statute. 10 Del.C. § 147. After defendant died and within the appeal period, counsel who had represented the decedent filed a notice of appeal in this Court.

Relying on In re Cahoon's Will, Del. Super., 7 Terry 259, 82 A.2d 920 (1951), plaintiff has moved to dismiss the appeal on the ground that death terminated the pre-existing relationship of defendant with his attorney and thus the attorney was not authorized to file a notice of appeal. Therefore, says plaintiff, this Court does not have jurisdiction over the case and the appeal should be dismissed.

The parties are agreed that counsel for the decedent was retained by an insurance company acting under a contract with the decedent which authorized and required it to defend his interest in the lawsuit. Under these circumstances counsel's authority is governed, not by the general rule under which death of the client terminates his power and authority, but by a specific exception to it. That exception is stated in 7 C.J.S. Attorney and Client § 113, as follows:

". . . [T]he death of the client does not terminate the relation or revoke the authority of the attorney where the . . . client does not retain the control and direction of the attorney in the performance of his services . . .."

Here the deceased did not retain the control and direction of the attorney in the performance of his services which were engaged by the insurance carrier. It therefore follows that plaintiff's motion to dismiss must be denied.*

---

* We note that Federal Appellate Rule 43(a) specifically authorizes an attorney under the circumstances outlined here to file the notice of appeal. That Rule provides in part:

". . . If a party entitled to appeal shall die before filing a notice of appeal, the notice of appeal may be filed by his personal representative, or, if he has no personal representative, by his attorney of record within the time prescribed by these rules. After the notice of appeal is filed substitution shall be effected in the court of appeals in accordance with this subdivision."

A comparable provision will be adopted by this Court.