Jacqueline DOHERTY, Successor Administratrix of the Estate of Harry Doherty, Jr., Plaintiff Below, Appellant,

v.

Jane C. STRAUGHN, M. D., Floro Resurreccion, M. D., Harold S. Rafal, M. D., S. Paul Akana, M. D., Nguyen Tuyen, M. D., and Wilmington Medical Center, a Delaware Corporation, Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted Sept. 10, 1979.

Decided Oct. 1, 1979.

Rehearing Denied Oct. 22, 1979.

Robert Burton Coonin of Knecht, Green-
stein, Schagrin & Berkowitz, Wilmington,
for plaintiff-appellant.

John A. Elzufon of Tybout & Redfearn, Wilmington, for defendants-appellees Akana, Tuyen and WMC.

Mary Pat Trostle of Biggs & Battaglia, Wilmington, for defendants-appellees Straughn and Resurreccion.

Jane R. Roth of Richards, Layton & Finger, Wilmington, for defendant-appellee Rafal.

Before McNEILLY, QUILLEN and HORSEY, JJ.

HORSEY, Justice:

This appeal concerns the timeliness of a Superior Court Civil Rule 25 motion for substitution of a party following death of the personal representative party plaintiff to a "survival" claim joined with a widow's wrongful death malpractice action [1] arising out of allegedly improper medical care of decedent.

The pertinent facts are:

(a) That 157 days after the death of the personal representative had been suggested upon the record by defendant's service upon the remaining parties, including the surviving plaintiff, decedent's widow, of a statement of the fact of death and no motion for substitution of a proper party plaintiff having been made within 90 days of said suggestion, defendants moved under Rule 25(a)(1) for dismissal of the Estate's "survival" action;

(b) That 21 days later decedent's widow, after being appointed successor administratrix of decedent's Estate, moved to be substituted as party plaintiff as to the survival action; [2]

(c) That decedent's widow did not at any time before [3] expiration of the 90 day period, file a Superior Court Rule 6(b) motion to extend the period for filing of a Rule 25(a)(1) substitution motion.

Paragraph (a) of Rule 25, *Substitution of Parties*, provides as follows for substitution of a party on his or her death:

"(a) *Death.*

(1) If a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties."

Paragraph (b) of Rule 6, *Time*, provides:

"(b) *Enlargement.* When by these Rules or by a notice given thereunder or

1. At the time of the death of the personal representative, the party plaintiffs to the action were Jacqueline Doherty, individually, and Harry J. Doherty, Sr., as administrator of the Estate of Harry J. Doherty, Jr.

2. The record reflects that at the time of filing by the plaintiff of her motion for substitution under Rule 25(a), plaintiff was of the belief that such a substitution was not necessary or proper. The following statement from plaintiff's memorandum in opposition to defendants' motion to dismiss under Rule 25(a)(1) filed in the

Superior Court reflects this: "While plaintiff Jacqueline Doherty believes that the defendants' motion to dismiss is not proper, nevertheless, should the Court determine that substitution is required, concurrently with this memorandum she has filed a Motion for Substitution pursuant to Rule 25(a) and urgers [sic] this Court to grant her Motion for Substitution rather than dismissing the action."

3. or after

by order of court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), 60(b), except to the extent and under the conditions stated in. them."

In denying plaintiff's motion and granting defendants' Rule 25(a) motion for dismissal of the survival action, the Court below ruled that the substitution provisions of Rule 25(a)(1) were applicable to the death of a personal representative because the latter was the entity-party upon whom the survivor action devolved by operation of law under 10 *Del.C.* § 3701, as well as the real party in interest. 1 *Woolley on Delaware Practice*, § 133, p. 85.

Though plaintiff neglected to move under Rule 6(b), either before or after expiration of the 90 day period, for an enlargement of time under Rule 25(a) for substitution of party by reason of death of the administrator of decedent's estate, the Court treated plaintiff's application as a Rule 6(b) motion but found under the facts her neglect in failing to act until 66 days after expiration of the 90 day period not to be excusable.

■ Service of the statement of the fact of death of the personal representative was properly made by defendant on the parties to the action, including plaintiff, deceased's widow, by service of same on their respective counsel, both plaintiffs being represented by the same attorney.

■ Appellant-plaintiff, the successor administratrix of decedent's Estate, asserts three grounds [4] for reversal: (1) that Rule 25(a) only governs substitution of parties on death of an individual party and not upon death of a representative party, as to which, plaintiff contends, there is no rule; (2) that if Rule 25(a) is applicable, said Rule, ". . . when read in conjunction with Rule 6(b) should be flexibly applied"; and (3) that the death of a personal representative cannot result in the dismissal of an action commenced by or against such representative by reason of the language of 10 *Del.C.* § 3703.[5]

■ 10 *Del.C.* § 3703, while providing that an action commenced by a personal representative "shall not be abated by his death . . .", does not preclude imposition by Rule 25(a)(1) of a time limitation on a motion for substitution of parties on death of a representative party. 10 *Del.C.* § 561 and *Tiffany v. O'Toole Realty Company*, Del.Super., 2 Storey 83, 153 A.2d 195 at 199 (1959).

■ Rule 25(a)(1) appears applicable to substitution of parties on death of a personal representative as well as on death of an individual party.[6] The Rule contains no language supporting plaintiff's construction-limitation on its application; and no authority for such limitation has been cited or found. For contrary authority that substitution of a deceased personal representative is required and that the action does not otherwise survive, see 34 C.J.S. *Executors and Administrators* § 737; 1 *Woolley on Delaware Practice*, § 292, p. 209; 164 A.L.R.

---

**4.** At oral argument, plaintiff also sought to claim "abuse of discretion" by the Trial Court for failure to enlarge the 90 day time period under Rule 6(b). However, since this contention was not raised in plaintiff's brief nor in the Court below, it cannot now be raised. See Rule 8.

**5.** 10 *Del.C.* § 3703 provides as follows:

"An action commenced by or against an executor or administrator shall not be abated

by his death or removal from office, but a succeeding executor or administrator may be admitted a party plaintiff or made a party defendant to such action."

**6.** At oral argument, plaintiff abandoned her argument in her brief that an administrator's "survival" action did not abate upon the death of the administrator but survived and passed to the widow as the surviving plaintiff under Rule 25(a)(2). See *Tiffany v. O'Toole Realty Compa-*

at 702. In the absence of substitution for a deceased personal representative, a representative action brought on behalf of an estate will abate. *Richardson v. Butler,* N.Y.Sup.Ct., 29 Misc.2d 559, 215 N.Y.S.2d 592, 594 (1961); *Bush v. Remington Rand,* 2d Cir., 213 F.2d 456, 463–4 (1954). In light of these factors, we hold Rule 25(a)(1) applicable in the instant case.

█ While Rule 25(a) confers no discretion on a trial court to extend the 90 day time limitation on the filing of a motion for substitution, Rule 6(b) grants such discretionary authority to the court though application be not made until after expiration of the 90 day period, ". . . where the failure to act was the result of excusable neglect . . . ." However, here relief was not sought under Rule 6(b).

█ Having made no motion under Rule 6(b) to enlarge the 90 day period within which to move for substitution, as provided under Rule 25(a)(1), plaintiff (a) cannot argue "excusable neglect" under Rule 6(b); (b) has waived any argument of abuse of discretion, as stated above; and (c) is confined to the sole contention that Rule 25(a) "when read in conjunction with Rule 6(b) should be flexibly applied." However, again, since plaintiff did not file a Rule 6(b) motion, its provisions cannot be read into Rule 25(a).

█ However, even if Rule 6(b) were considered to be applicable to the instant appeal, enlargement of the 90 day substitutional period of Rule 25(a) after the expiration of such period is a matter of judicial discretion, as to which plaintiff has neither argued nor shown any abuse. *Graham v. The Pennsylvania Railroad,* D.C. Cir., 119 U.S.App.D.C. 335, 342 F.2d 914 (1964); cert. denied 381 U.S. 904, 85 S.Ct. 1446, 14 L.Ed.2d 286; *Vandervelde v. Put & Call Brokers & Dealers Ass'n.,* S.D.N.Y., 43 F.R.D. 14 (1967). And the test for exercise of such discretion is fixed by Rule 6(b) as being "excusable neglect."

The Trial Court concluded after a careful consideration of the record and the circumstances of the parties that "excusable neglect has not been shown." Compare *Staggers v. Otto Gerdau Co.,* 2d Cir., 359 F.2d 292 (1966).

█ In this case, we are not inclined to say that ignorance of the rules constitutes an excuse—given the notice of the suggestion of death and the enormity of the time delay before plaintiff proceeded under Rule 25(a) and without invoking Rule 6(b). See *Hardy v. Mobbs,* 131 Vt. 148, 303 A.2d 156 (1973), *Graham v. Pennsylvania Railroad, supra.* Clearly there was no abuse of discretion even under the standards of Rule 6(b).

AFFIRMED.

---

*ny, supra,* dismissing cause of action of husband for loss of consortium and expenses-damages relating to wife's injury for failure of wife, following death of husband during pendency of action, to move for substitution under Rule 25(a)(1) and rejecting contention that Rule 25(a)(2) was the applicable rule.