Pamela J. HOFFMAN and Warren S.
Hoffman, her husband, Plaintiffs
Below, Appellants,

v.

Roland F. COHEN, Defendant
Below, Appellee.

Supreme Court of Delaware.

Submitted: Nov. 17, 1987.
Decided: March 4, 1988.

Sidney Balick, Wilmington, on behalf of
plaintiffs below, appellants.

James B. Ropp (argued) and Richard
Galperin of Morris, James, Hitchens &
Williams, Wilmington, on behalf of defendant
below, appellee.

Before HORSEY, WALSH and
HOLLAND, JJ.

HOLLAND, Justice:

In this appeal, the appellants-plaintiffs
below, Pamela J. Hoffman and Warren S.
Hoffman ("the Hoffmans"), argue that the
Superior Court erred in dismissing their
complaint. The basis for the Superior
Court's dismissal was its conclusion that
the Hoffmans had filed an untimely motion,
pursuant to Superior Court Civil Rule
25, for the substitution of a party following
the death of the appellee-defendant below,
Roland F. Cohen ("Cohen"). In reaching
its decision, the Superior Court expressly
declined to follow the line of federal cases
interpreting Rule 25 of the Federal Rules
of Civil Procedure upon which the Superior
Court Rule 25 is modeled. We find the
reasoning of the federal cases persuasive
and reverse the decision of the Superior
Court.

### Pertinent Facts

The Hoffmans filed a lawsuit against
Cohen on July 10, 1984, in the Superior
Court, for damages arising out of an automobile
accident. Discovery and settlement
negotiations proceeded following the filing
of Cohen's answer to the complaint. On
October 23, 1985, Cohen's attorney wrote a
letter to the Hoffmans' attorney. This letter
stated that his client, Cohen, had died
on August 27, 1985, and that he was in the
process of preparing the necessary "paper
work" to have the estate substituted as a
party for Cohen.

However, on November 19, 1985, instead of receiving a stipulation for substitution of the estate, the attorney for the Hoffmans was served with a "Suggestion of Death Upon the Record," which was filed with the Superior Court by Cohen's attorney. A letter, sent simultaneously from Cohen's attorney to the Hoffmans' attorney, stated that he understood suggesting Cohen's death upon the record was "the extent of [his] burden in this situation." The depositions of the Hoffmans were taken three days later by Cohen's attorney, on November 22, 1985, as previously scheduled.

A request for a pretrial conference was made by the Hoffmans' attorney on June 2, 1986. On June 13, 1986, Cohen's attorney filed a motion to dismiss the action because of the Hoffmans' failure to substitute Cohen's estate as a party in accordance with Superior Court Civil Rule 25. Upon receipt of the motion to dismiss, the Hoffmans' attorney contacted Cohen's attorney to ascertain the name of the personal representative of Cohen's estate or the name of the attorney handling the estate. Cohen's attorney gave him the name of another Delaware attorney that he believed Claire Cohen, the widow of Cohen, had retained to represent the estate of Roland F. Cohen. The Hoffmans' counsel then contacted that attorney to determine if he was handling the estate and, if so, the name of the personal representative of the estate. The Hoffmans' attorney was advised that the estate had not yet been opened.

The estate was opened on June 20, 1986, and letters testamentary were granted unto Claire Cohen. On June 24, 1986, the Hoffmans' attorney filed a motion for substitution of Cohen's estate as a party defendant. On August 15, 1986, the Hoffmans filed a motion for enlargement of time under Superior Court Civil Rule 6. The Superior Court granted Cohen's motion to dismiss, denied the Hoffmans' motion for an enlargement of time under Superior Court Civil Rule 6, and denied the Hoffmans' motion for the substitution of Cohen's estate as a party defendant under Rule 25(a). The Superior Court's ruling was based upon its decision not to follow the line of federal cases that had interpreted Federal Rule 25, i.e., *Rende v. Kay*, 415 F.2d 983 (D.C.Cir.1969), and its progeny. The Superior Court acknowledged that, according to *Rende*, the suggestion of death by Cohen's attorney would have been a nullity and the motion for substitution by Hoffmans' attorney would have been timely.

### History of Superior Court Rules

We begin our review with an examination of the correlation between the Superior Court Civil Rules and the corresponding federal rules. The rules of the Superior Court of the State of Delaware were changed substantially as of January 1, 1948. The publisher of the Superior Court Rules noted at that time that Rules 1–86 of the Civil Rules of the Superior Court were patterned upon the Federal Rules of Civil Procedure that had been in effect since 1938. *Preface* to Vol. 13A *Del.C., Superior Court Rules* at vi (West 1971). To the extent that the Superior Court did not adopt a particular federal rule or subdivision of a rule, this fact was identified by the publishers in an analysis that preceded the text of the rules. The publishers also noted that the many court decisions construing the federal rules "should be of considerable interest and value to the Bench and Bar of Delaware when considering the interpretation of corresponding State court rules." *Id.* at vii. *See also Superior Court Rules* analysis at 2–13 (West 1971).

In 1948, one of the first reported cases which interpreted the newly adopted Superior Court Civil Rules was written by Judge, later Justice, Carey. Justice Carey, who had joined in promulgating those rules only a few months earlier, wrote:

In those instances where our present rule is exactly the same as the Federal rule, it is desirable to follow the interpretation placed upon it by the Federal Courts, especially where those Courts have been so nearly unanimous in their rulings, unless some good reason appears for adopting a contrary construction.

*Patterson v. Vincent,* Del.Super., 61 A.2d 416, 417 (1948). This Court has also held that because the 1948 Superior Court Civil Rules are basically the 1938 Federal Rules of Civil Procedure, the construction of these latter rules by the federal judiciary is of "great persuasive weight in the construction of the present Superior Court Rules." *Canaday v. Superior Court,* Del. Supr., 119 A.2d 347, 352 (1956).

### History of Delaware Rule 25

Superior Court Civil Rule 25 received its first careful examination in 1959 by then Judge, now Chief Justice, Christie. *Tiffany v. O'Toole Realty Co.,* Del.Super., 153 A.2d 195 (1959). At that time, Superior Court Civil Rule 25(a)(1) provided in part that "[i]f a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties." Super.Ct. Civ.R. 25(a)(1), *quoted in Tiffany v. O'Toole Realty Co.,* 153 A.2d at 196. In *Tiffany,* the defendants moved to dismiss the plaintiff's case because more than two years had elapsed since the death of Harold E. Tiffany without the substitution of a proper party in his place. 153 A.2d at 196.

In analyzing the defendants' motion in *Tiffany,* the court found that since Superior Court Civil Rule 25 was virtually identical to Federal Rule 25 "the reasoning in the federal cases must be given great weight in interpreting the rule." *Id.* at 199. The *Tiffany* court followed the interpretation in the federal cases which had construed Rule 25 and granted the defendants' motion to dismiss. However, the *Tiffany* court observed that Professor Moore had described Federal Rule 25 as "easily the poorest rule of all Federal Rules." *Id.* at 199 (quoting 4 J. Moore, *Moore's Federal Practice* ¶ 25.01[7] (2d ed. 1950)). The *Tiffany* court also noted that the advisory committee for the federal courts had suggested changes in Federal Rule 25(a)(1) along the lines proposed by Professor Moore. *Id.* at 199 n. 1.

### Amendment of Delaware and Federal Rule 25

The two year provision remained in Federal Rule 25 and continued to be strictly applied until 1963. In 1961, the Federal Advisory Committee on Civil Rules suggested that Rule 25(a)(1) be made more flexible. In 1963, the United States Supreme Court completely rewrote Federal Rule 25(a)(1) and also made concurrent changes in Federal Rule 6(b).[1]

The 1963 amendment to Federal Rule 25 provides that any party to the action or any successor or representative of a deceased party can file a motion for substitution within ninety days after the death of a party is suggested upon the record. Therefore, instead of limiting the ability for substitution to two years from the death of a party, the new limit upon substitution is tied to the suggestion of the death of the party upon the record. Once the death of a party has been suggested upon the record, the 1963 amendment to Federal Rule 25 provides that if a substitution is not made within ninety days, the action is to be dismissed as to the deceased party. 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 25.06[2.-1] (2d ed. 1987).

Since the time limit for making a substitution as a result of the 1963 amendment is now measured from the suggestion of death on the record, the ability to suggest a death is uniquely important. The Federal Advisory Committee anticipated this. The Committee Notes explaining the 1963 amendments state:

Present Rule 25(a)(1), together with present Rule 6(b), results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period mea-

---

1. Professor Moore's treatise states:

    Rule 6(b) was amended in 1963, to remove Rule 25 from the list of exceptions to the applicability of Rule 6. [Rule 6] provides for the enlargement of time for the taking of an act required by the Civil Rules, in the court's discretion for cause shown. Thus, even the ninety-day time limit of amended Rule 25(a) is now subject to enlargement pursuant to Rule 6 if good cause can be shown as to why substitution could not have been made within the time limit for substitution.

    3B J. Moore & J. Kennedy, *Moore's Federal Practice,* ¶ 25.06[2.–2] (2d ed. 1987).

sured from the time of death. The hardships and inequities of this unyielding requirement plainly appear from the cases.

The amended rule establishes a time limit for the motion to substitute based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record....

A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. *If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death* upon the record.

28 U.S.C.A., Fed.R.Civ.P. 25 advisory committee notes at 121 (1972) (citations omitted) (emphasis added), *quoted in Rende v. Kay*, 415 F.2d 983, 985 (D.C.Cir.1969). It was clearly the view of the Federal Advisory Committee that the amendments to Rule 25(a)(1) would limit entities who may suggest death upon the record to those who may move for substitution.

The Delaware Superior Court amended its own Civil Rules 6(b) and 25(a)(1) to conform completely with the 1963 amendments to Federal Rules 6(b) and 25(a)(1). Superior Court Civil Rule 25(a)(1) now reads:

> If a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein

for the service of the motion, the action shall be dismissed as to the deceased party in all cases except those in which an application for an interlocutory appeal has been made.

Super.Ct.Civ.R. 25(a)(1). The interaction of Superior Court Civil Rules 6 and 25, as amended, was discussed by this Court in *Doherty v. Straughn*, Del.Supr., 407 A.2d 207, 210–11 (1979).

### *Federal Construction of Rule 25 As Amended*

The seminal federal case interpreting the 1963 amendments to Federal Rule 25 was written in 1969. *Rende v. Kay*, 415 F.2d 983 (D.C.Cir.1969). The facts in the *Rende* case are strikingly similar to the facts in this case. In *Rende*, the defendant Kay (here Cohen), died during the course of the litigation. The defendant's attorney suggested the defendant's (Kay's) death on the record and subsequently filed a motion to dismiss when the plaintiffs (there Rende, here the Hoffmans) made no motion for substitution within ninety days. The United States District Court for the District of Columbia granted Kay's motion to dismiss. The United States Court of Appeals for the District of Columbia Circuit reversed that decision. *Id.* at 986.

In reversing the District Court, the D.C. Circuit reviewed the history of Federal Rule 25 and the commentary from the Advisory Committee Notes, which we have already quoted. *Id.* at 984–85. The D.C. Circuit concluded that under Federal Rule 25 as amended in 1963:

> [E]ither a party or "the successors or representatives of the deceased party" may avoid delay in effecting substitution for the deceased party either by filing a motion for substitution or by suggesting death on the record and thus triggering the 90–day period which begins with suggestion of death.

*Rende v. Kay*, 415 F.2d at 985. The D.C. Circuit then held:

> Although the attorney for the defendant was retained to "represent" the deceased as his counsel, he is not a person who

could be made a party, and is not a "representative of the deceased party" in the sense contemplated by Rule 25(a)(1).

In our opinion the Rule, as amended, cannot fairly be construed, as the defendant's attorney argues, to make his suggestion of death operative to trigger the 90–day period even though he was neither a successor nor representative of the deceased, and gave no indication of what person was available to be named in substitution as a representative of the deceased. Counsel's construction would open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days.

*Id.* at 985–86 (footnote omitted).[2]

### *Federal Construction Adopted for Superior Court Civil Rule 25*

■ The Delaware Superior Court originally adopted Rule 25 in a form that was identical to the corresponding federal rule. The Delaware Superior Court adhered to the federal courts' interpretation of Rule 25 in *Tiffany* despite its apparent harshness. *See* 153 A.2d at 198–200. Thereafter, the Delaware Superior Court amended Rule 25(a)(1) and Rule 6(b), adopting verbatim the 1963 amendments to the same federal rules.

The Superior Court's amendment to Rule 25(a) was effective July 1, 1970. This effective date was one year after the *Rende* decision. Therefore, in 1970, the Superior Court had access to the federal amendment to Rule 25, the Federal Advisory Committee's Notes explaining the reasons for the amendment, and the *Rende* decision construing the amendment. The record does not support a conclusion that the Superior Court adopted an amendment that was identical to the federal changes but rejected the Federal Advisory Committee's commentary and the subsequent construction of amended Rule 25(a) by the federal courts.

We find the reasoning of *Rende* and its progeny[3] not only persuasive but compelling in this case. We hold, for the reasons stated in *Rende*, that the deceased's (Cohen's) attorney was not authorized to suggest Cohen's death pursuant to Superior Court Civil Rule 25(a)(1). This conclusion is entirely consistent with the general rule that upon the death of a client, a pre-existing attorney-client relationship is completely severed and any action taken on behalf of the deceased client by his former attorney is a nullity. *In re Cahoon's Will*, Del.Super., 82 A.2d 920, 922 (1951). *See also* 7 Am.Jur.2d *Attorneys at Law* § 171 (1980); 7A C.J.S. *Attorney and Client* § 224 (1980).

Since the suggestion of death by Cohen's attorney was a nullity and ineffective to trigger the ninety-day provision in Rule 25, the motion by the Hoffmans' attorney to

---

**2.** The D.C. Circuit also pointed out that:

The Advisory Committee, in outlining that suggestion of death could be made by "the representative of the deceased party" plainly contemplated that the suggestion *emanating from the side of the deceased* would identify a representative of the estate, such as an executor or administrator, who could be substituted for the deceased as a party, with the action continued in the name of the representative. The addition of "successor" in the Rule would take care of the case of, say, the distributee of an estate that had been distributed, but would not make a material difference in the aspect under consideration.

*Rende v. Kay*, 415 F.2d 983, 985 (D.C.Cir.1969) (emphasis added). Noting that it was "provided in order to expedite and facilitate implementation" of the 1963 amendment to Federal Rule 25, the D.C. Circuit quoted Form 30 of the Federal Rules of Civil Procedure, which provides:

A.B. [describe as a party, or as executor, administrator, or other representative or successor of C.D., the deceased party] suggests upon the record, pursuant to Rule 25(a)(1), the death of C.D. [describe as party] during the pendency of this action.

*Rende v. Kay*, 415 F.2d at 985 (emphasis omitted). However, the surviving party need not identify a representative of the estate in a suggestion of death. *Yonofsky v. Wernick*, 362 F.Supp. 1005, 1011–12 (S.D.N.Y.1973).

**3.** *McSurely v. McClellan*, 753 F.2d 88, 97–99 (D.C.Cir.1985) (per curiam), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985); *Boggs v. Dravo Corp.*, 532 F.2d 897, 900–01 (3d Cir.1976); *Al–Jundi v. Rockefeller*, 88 F.R.D. 244, 245–48 (W.D.N.Y.1980); *Gronowicz v. Leonard*, 109 F.R.D. 624, 626–27 (S.D.N.Y.1986); *In re Klein*, 36 B.R. 390, 392–93 (Bankr.E.D.N.Y. 1984).

substitute Cohen's estate as a party defendant was timely.[4] Therefore, the decisions of the Superior Court dismissing the Hoffmans' complaint and denying the Hoffmans' motion for substitution are reversed.

### No Insurance Company Exception

■ At oral argument in this case, Cohen's attorney raised a new theory for authorizing his suggestion of Cohen's death upon the record. The attorney represented to this Court that he had been retained originally to defend Cohen in the Superior Court by Cohen's insurance carrier. Since this argument was not presented to the Superior Court, it cannot be properly raised at this time. Supr.Ct.R. 8. However, in the interest of justice and for the guidance of future cases, we will address this contention. Our conclusion would be the same if this issue had been properly raised and presented.

This Court has previously recognized that representation pursuant to a contract of insurance, when the client does not retain or control the attorney in the performance of his services, falls within an exception to the general rule that the death of a "client" terminates the relationship and revokes the authority of the attorney to act. *Coleman v. Durden*, Del.Supr., 338 A.2d 570, 570–71 (1975) (per curiam). In *Coleman*, the defendant had died after the Superior Court entered judgment against him. A personal representative was not appointed for the estate within the statutory time period. The deceased defendant's attorney subsequently filed a timely notice of appeal to this Court. *Id.* at 570. Relying on the general rule enunciated in *In re Cahoon's Will*, 82 A.2d at 922, the plaintiff moved to dismiss the appeal, arguing that the attorney-client relationship had been completely severed upon the death of the defendant.

The attorney for the deceased defendant had been retained by an insurance company pursuant to a contract with the decedent. That contract authorized and required the company to defend the decedent's interests in the lawsuit. This Court denied the motion to dismiss and held that the attorney-client relationship of the deceased defendant and his counsel, through the insurance carrier, fit within the exception to the general rule outlined above.[5] *Coleman v. Durden*, 338 A.2d at 570–71.

In this case, at oral argument, "Cohen's" attorney argued that he was capable of suggesting Cohen's death to protect the interest of his client—the insurance carrier. We continue to recognize that, in some instances, an attorney retained by an insurance company may act to protect the interest of that company in pending litigation subsequent to the death of the insured party.[6] However, the ability to act to protect the interests of the insurance company is subject to limitation.

This action was commenced by the Hoffmans against Cohen pursuant to 10 *Del.C.* § 3703. That statute provides that such actions do not abate at death. However, this Court has held that 10 *Del.C.* § 3703 "does not preclude [the] imposition by Rule 25(a)(1) of a time limitation on a motion for substitution of parties...." *Doherty v. Straughn*, Del.Supr., 407 A.2d 207, 210 (1979). Just as Superior Court Civil Rule 25 can impose a limitation (ninety days) upon the time for filing a motion to substitute a party following a proper suggestion of death, it can impose a limitation upon who can suggest a death on the record.

There is no provision in Rule 25 for the suggestion of death by a deceased party's attorney even if that attorney was engaged pursuant to a contract of insurance. *Cf.*

---

**4.** A suggestion of death upon the record is not a prerequisite to a motion for substitution.

**5.** The ability to perfect an appeal to protect the interest of a deceased client has since been extended to *all* attorneys by this Court. Supr.Ct. R. 7(e).

**6.** In this case, the attorney retained by Cohen's insurance company took the depositions of the Hoffmans subsequent to Cohen's death. With-

out ruling upon that action, we note that if an insured party dies, the attorney selected by his insurance carrier to represent him can protect the carrier, e.g., when there is a fear that a delay may prejudice the litigation, by moving for the appointment of a personal representative or perhaps a temporary representative, either under the probate law or by special order of the trial court. *Cf. Rende v. Kay*, 415 F.2d at 986.

**1102**

*id.* The construction of Rule 25 by the federal courts, which we adopt, limits entities who may suggest death upon the record to those who may move for substitution. In fact, the rules of this Court provide for a suggestion of death only by the personal representative of the deceased party or by another party in interest. Supr.Ct.R. 31(a)–(b).

Neither the insurance company nor the attorney it had retained was a party or the successor or representative of the deceased defendant within the meaning of Rule 25(a)(1) and, therefore, was not qualified to file a suggestion of death. *Cf. Rende v. Kay,* 415 F.2d at 985–86. Moreover, the corollary of finding that the insurance company was a representative of the deceased who is qualified to suggest death upon the record would be to find that the insurance company could be substituted for the deceased insured as a party. This would be contrary to the long-established practice in Delaware that the existence of insurance coverage is not to be disclosed to the trier of fact. *Catalfano v. Higgins,* Del.Supr., 188 A.2d 357, 359 (1962) (quoting *Steenburg v. Harry Braunstein, Inc.,* Del.Super., 77 A.2d 206, 208 (1950)). *See also Murray v. James,* Del.Super., 326 A.2d 122, 123 (1974); *DeVincentis v. Maryland Casualty Co.,* Del.Super., 325 A.2d 610, 612 (1974).

### Conclusion

The decisions of the Superior Court granting Cohen's motion to dismiss and denying the Hoffmans' motion for substitution are both REVERSED. This case is remanded to the Superior Court for further proceedings consistent with this opinion.