**B. Eugene ROBERTS, Respondent Below, Appellant,**

v.

**Carolyn S. ROBERTS, Petitioner Below, Appellee.**

No. 455, 1998.

Supreme Court of Delaware.

Submitted: April 27, 1999.

Decided: May 10, 1999.

Michael K. Newell, Judy M. Jones, of The Bayard Firm, Wilmington, Delaware, for appellant.

Shawn Dougherty, of Weik, Nitsche & Dougherty, Wilmington, Delaware, for appellee.

Before HOLLAND, HARTNETT and BERGER, Justices.

HOLLAND, Justice.

This is an appeal following the Family Court's denial of a motion for substitution of parties. The motion was filed by the estate of B. Eugene Roberts ("Husband"). The appellee, Carolyn S. Roberts ("Wife"), and the Husband were married on May 13, 1975. A Final Decree of Divorce was entered by the Family Court on March 10, 1994. Ancillary jurisdiction over property division matters was requested by both parties and retained by the Family Court.

The Husband died on February 24, 1998. In this appeal, the Husband's executor challenges the Family Court's decision to deny a motion to substitute the Husband's estate as a party in the ancillary property proceedings. We have concluded that the Family Court's decision to deny the estate's motion for substitution of a party constituted an abuse of its discretion.

### Facts

The parties entered into a Stipulation of Settlement regarding their property division matters on December 13, 1994. That agreement was made an order of the Family Court. It provided, in part, that the parties would continue to jointly operate their business known as Uni Beauty, Inc. ("Uni Beauty"), until such time as either party chose to sell the business. The stipulated order also provided for the Husband's retention of the parties' Brenford Plaza Shopping Center, subject to the purchase of the Wife's one-half interest in the property.

The Wife subsequently filed a Rule to Show Cause against the Husband, alleging his contempt of several provisions of the

December 13, 1994 Stipulation of Settlement. The Rule to Show Cause was decided on June 12, 1995. The Family Court ordered the close of Uni Beauty and reserved decision on "any other issues such as that of the funds in excess of $5,000 pertaining to the Brenford Plaza Shopping Center."

The Wife filed another Rule to Show Cause on July 26, 1995, alleging that the Husband failed to comply with some of the provisions of the June 12, 1995 Order on the Rule to Show Cause. Following a hearing on the matter, a decision was entered by the Family Court, dated April 15, 1996, that provided for the Brenford Shopping Center to be transferred into the Wife's name. This same order reserved decision on the value of Uni Beauty, as well as a "final determination as to what funds either party may be entitled to from the other party regarding the buy out of the shopping center versus the liquidation of Uni Beauty."

A teleconference was held on December 6, 1996, between the trial judge, the Husband's attorney, and the Wife's attorney to discuss the status of the case. Prior to this teleconference, the Husband was diagnosed with cancer and was undergoing chemotherapy. The Husband's attorney expressed the need to hold a hearing on the issue of what money the Wife owed the Husband for the transfer of the shopping center. The Wife's attorney stated that further discovery was needed and if anybody owed any money it would be the Husband owing the Wife.

A hearing was scheduled for April 28, 1997 at 9:30 a.m. Prior to that date, the Wife filed a Motion for Continuance and for Discovery, alleging that the Husband had failed to provide discovery in time for the Wife to be adequately prepared for the hearing. The Husband's attorney did not file a response to the motion. The trial judge granted the Wife's request for a continuance, ordered the Husband to provide specific discovery, and required him to file a motion setting forth his position as to why there was a need to hold a further ancillary hearing.

The Husband died on February 24, 1998. Barry E. Roberts, the Husband's son, was named as the executor of the Husband's estate. The attorney representing the estate wrote to the Family Court to request a teleconference on the outstanding issues. The Wife's attorney objected on the basis that, because no substitution of party had been filed, the Husband's estate had no standing to request relief from the Family Court.

The trial judge responded by letter. It was noted that the Husband had not yet complied with the April 2, 1997 order that required the Husband to provide the necessary discovery and to file an appropriate motion setting forth his position as to why there should be another hearing. The trial judge concluded that until those conditions precedent were satisfied, no further hearing would be scheduled on ancillary matters.

The executor of the Husband's estate filed a Motion for Suggestion of Death on the Record and for Substitution of the Parties pursuant to Family Court Civil Procedure Rule 25 ("Rule 25"). The Wife objected to the substitution of the Husband's estate as a party, alleging that all outstanding issues had been resolved pursuant to the May 2, 1996 order. The Family Court summarily denied the estate's Motion for Substitution of Parties.

### Substitution of Party Denied Family Court Abused Discretion

■ Rule 25(a) [1] provides that the trial judge "may" order substitution of the

1. Rule 25(a) provides:
   (1) If a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner

proper parties. Rule 25(a) is identical to its present counterpart in the Federal Rules of Civil Procedure ("Federal Rule 25"). This Court has found federal authority to be of " 'great persuasive weight' " in construing analogous Delaware rules of court generally and specifically with regard to Rule 25 motions for substitution of parties.[2]

█ The history of the Federal Rule 25 reflects that the principal reason for vesting a trial judge with discretionary authority to deny the substitution of a personal representative after the death of a party was to facilitate the settlement and distribution of the estate of a deceased defendant.[3] Federal Rule 25 was amended in 1963, however, to limit the time for making a substitution of parties by measuring it from the suggestion of death on the record.[4] Consequently, in the seminal pronouncement on Federal Rule 25, as amended, the United States Court of Appeals for the Second Circuit held "it is difficult to imagine a case where discretion might be properly exercised to deny a motion to substitute for a deceased plaintiff made within the rule's time limits."[5] We agree. In fact, we have not located a single reported judicial decision to that effect.

In this case, the Husband's claim, if valid, was not extinguished by his death.[6] Therefore, we hold the Family Court abused its discretion by denying a timely motion for substitution of parties that was filed by the duly qualified personal representative of the Husband's estate. The

Wife can raise any meritorious substantive or procedural defenses after the substitution of parties has been made.[7]

### *Conclusion*

The judgment of the Family Court that denied the motion for substitution of parties by the Husband's executor is reversed. This matter is remanded for further proceedings in accordance with this opinion.

provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

2. *See Hoffman v. Cohen,* Del.Supr., 538 A.2d 1096, 1098 (1988), *quoting Canaday v. Superior Court,* Del.Supr., 119 A.2d 347, 352 (1955).

3. *Saylor v. Bastedo,* 2d Cir., 623 F.2d 230, 236 (1980). *See Anderson v. Yungkau,* 329 U.S.

482, 485, 67 S.Ct. 428, 91 L.Ed. 436 (1947) (construing prior version of Federal Rule of Civil Procedure 25).

4. *Hoffman v. Cohen,* 538 A.2d at 1098.

5. *Saylor v. Bastedo,* 623 F.2d at 236.

6. *See Angelli v. Sherway,* Del.Supr., 560 A.2d 1028, 1032 (1989) (discussing actions that may survive in divorce proceedings).

