Juanita **LILES** and Stacey Liles,
Plaintiffs-Appellees,

v.

Halina J. **CYBAK** and Stanislaus Cybak,
Defendants-Appellants.

Supreme Court of Delaware.

Submitted Nov. 14, 1975.

Decided Feb. 25, 1976.

Petition for Reargument Denied May 3, 1976.

Bruce L. Disend, Aerenson & Balick, Wilmington, for plaintiffs-appellees.

Richard W. Pell, Tybout & Redfearn, Wilmington, for defendants-appellants.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Defendants, who contend that this action is barred by the applicable two-year statute of limitations, 10 Del.C. § 8119, appeal from a decision of the Superior Court denying their motions to quash service and to dismiss the complaint. Del., 337 A.2d 520 (1975). Reference is made to that opinion for a complete statement of the facts.

■ We agree with the opinion below for the reasons stated therein insofar as it holds that jurisdiction was not obtained over Halina Cybak by reason of plaintiffs' failure to affect service of the original or an alias writ within the appropriate periods of limitation; and that, therefore, the suit fell into abeyance.

■ However, we cannot agree with the remainder of the opinion holding that the suit was "saved" by 10 Del.C. § 8118 (a) *. This Statute saves a *cause* of *action* by permitting plaintiffs, under specified circumstances and conditions, to commence a *second* suit; it does not save the original suit. As there is but one suit involved in the case before us, which proceeds from the original complaint as amended, § 8118 (a) is clearly inapplicable.

■ Accordingly, if the present action is to proceed further, it can only be because the failure to serve Halina Cybak within the prescribed time was the result of excuseable neglect. However, it is clear that Halina Cybak was not served because plaintiffs' counsel simply failed to discover her true address or that she was Stanislaus Cybak's daughter, not his wife, before filing the complaint and instructing the sheriff where to serve the summons. Counsel offers no explanation for failure to do so. Furthermore, Stanislaus Cybak's answer unequivocally denied that Halina Cybak resided at the address alleged. From this denial, plaintiffs should have recognized the possibility that she might not have received service and should have taken the proper steps to discover her true address and affect proper service upon her. Under these circumstances, we find no excuseable neglect; nor can plaintiffs justifiably rely on the purported relation back of the duly served amended complaint, which, for the above reasons, was improvidently granted. While leave to amend shall be given freely when justice so requires, we must reiterate that "the present Civil Rules are not intended to permit a party and his counsel to proceed with laxity and excuse that laxity by an appeal to the court's sense of fair play. Rules of court are intended to speed up and promote the decision of causes on their merits, but this does not mean that any failure to comply with the rules may be excused on the ground that a decision upon the merits will not be obtained." *Food Fair Stores Corp. v. Vari*, Del.Supr., 191 A.2d 257, 259 (1963).

\* \* \* \* \* \*

Reversed and remanded with instructions to enter an order to quash service of process and to dismiss the complaint against Halina Cybak.

---

\* 10 Del.C. § 8117(a) provides:

If in any action duly commenced within the time limited therefor in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form; or if after a verdict for the plaintiff, the judgment shall not be given for the plaintiff because of some error appearing on the face of the record which vitiates the proceedings; or if a judgment for the plaintiff is reversed on appeal or a writ of error; a new action may be commenced, for the same cause of action, at any time within 1 year after the abatement or other determination of the original action, or after the reversal of the judgment therein.