**Yolanda F. RADZEWICZ, Plaintiff,**

**v.**

**Thomas S. NEUBERGER, as administrator of the estate of John Machman, including its interest in an Allstate Automobile Policy No. 008–931 982, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: Oct. 15, 1984.
Decided: Jan. 22, 1985.

Douglas B. Canfield, of Jacobs & Crumplar, P.A., Wilmington, for plaintiff.

Paul A. Bradley, and Howard M. Berg, of Howard M. Berg & Associates, P.A., Wilmington, for defendant.

MARTIN, Judge.

This case arises out of an accident which occurred on February 20, 1980, on Governor Printz Boulevard, in New Castle County, Delaware. The plaintiff, Yolanda F. Radzewicz, was a passenger in an automobile which collided with an automobile driven by John Machman. On February 17, 1982, plaintiff commenced an action against Mr. Machman to recover damages for injuries which she allegedly sustained in the collision. On March 16, 1982, the sheriff's writ was returned "non est inventus as to John Machman". At that time, plaintiff learned that Mr. Machman had died on May 11, 1981.

Nearly one year later, on February 18, 1983, plaintiff filed an Amended Complaint substituting Thomas P. Neuberger, Administrator of the Estate of John Machman, as the defendant. Defendant filed a Motion to Dismiss on May 18, 1983.[1] On September 29, 1983, the plaintiff filed a Motion for Enlargement of Time to File [an] Alias Writ.[2] The case comes before the Court at this time on both parties' motions. Because the motion to dismiss and motion to

---

1. In view of the fact that both parties have filed affidavits, the Court treats defendant's motion to dismiss as a motion for summary judgment. See *Battista v. Chrysler Corp.*, Del.Super., 454 A.2d 286, 290 (1982), citing *Jones v. Julian*, Del. Super., 188 A.2d 521 (1963), rev'd on other grounds, Del.Supr., 195 A.2d 388 (1963).

2. Plaintiff also filed a new action against Thomas P. Neuberger and the Allstate Insurance Company. That action, C.A. No. 83C–SE–115, is not before the Court.

enlarge involve similar issues, the Court will address the motions simultaneously.

Defendant moves to dismiss plaintiff's action on the ground that it is barred by the statute of limitations, 10 *Del.C.* § 8119. Section 8119 provides that "[n]o action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years". Because the plaintiff did not commence suit against Mr. Neuberger within two years of the accident, defendant contends that plaintiff's action is time-barred. Plaintiff, however, contends that the statute of limitations was tolled by the death of Mr. Machman and until the appointment of Mr. Neuberger as administrator. Alternatively, plaintiff maintains that the Amended Complaint relates back to the date of the original complaint, or that defendant should be estopped from raising the statute of limitations as a defense.

Plaintiff's first argument appears to be a novel one in this jurisdiction. No Delaware case has been cited for the proposition that the death of a potential party to a legal action tolls the statute of limitations until an administrator is appointed for the decedent's estate. Moreover, the Legislature appears to have implicitly rejected such a proposition in 10 *Del.C.* §§ 8113 and 8118.

Section 8113 provides that the period of limitations is extended for a period of six months from the date of the decedent's death if, at the time of death, the time in which an action could have been brought has not expired, and if letters of administration are granted within three months of death. The provision is not applicable to the instant case, however, because letters of administration were not granted until over eighteen months after John Machman's death.

Section 8118(a) provides that where an action is duly commenced within the limitations period, but the writ is abated or the action is otherwise avoided or defeated by the death of a party thereto, a new action may be commenced at any time within one year after the abatement of the original action. Plaintiff here, however, failed to avail herself of the savings statute. Although plaintiff filed an Amended Complaint within one year after the writ was returned, she did not commence a new action.[3] See *Liles v. Cybak*, Del.Supr., 357 A.2d 739, 740 (1976).

Both §§ 8113 and 8118 indicate that the Legislature preferred a scheme of savings statutes to the principle urged upon the Court by plaintiff. Moreover, to sanction the indefinite tolling of the statute of limitations upon the death of a potential party would thwart the policy which underlies the statute. Litigation would not be promptly resolved, and estates would not be promptly settled. This Court refuses to adopt a principle which is unsupported by case law and contrary to apparent legislative intent.

---

3. There is some question about whether plaintiff's action was "duly commenced" within the meaning of 10 *Del.C.* § 8118(a). In *O'Lear v. Strucker*, Del.Super., 209 A.2d 755 (1965), this Court held that a suit filed against a dead man was a nullity. 209 A.2d at 758–59. Based on that holding, the Complaint filed against John Machman had no legal effect.

More recently, however, this Court has taken a less harsh view of suits filed against dead persons. In *Ellis v. Woldoff*, Del.Super., C.A. No. 82C–MR–26, Walsh, J. (June 24, 1983), the Court determined that an amendment to the complaint naming the administrator of the deceased person's estate as a party related back to the filing of the complaint. Superior Court Civil Rule 15(c). Although the original action had been commenced against a dead person, the person sought to be added as a party had accepted service and executed a receipt therefor for his deceased wife. While the person sought to be added as a party was not the personal representative of his wife's estate when he was originally served, he was, under the controlling law, the only person then authorized to secure appointment as her administrator. Most importantly, he had notice of the action at the time that it was originally instituted. Under those circumstances, the Court rejected the nullity approach. In addition, the Court opined that 10 *Del.C.* § 8118 would offer the plaintiffs alternative relief.

Regardless of whether this Court accepts or rejects the nullity approach, the plaintiff cannot avail herself of the savings statute for the reasons stated herein.

In an effort to avoid the statute of limitations, plaintiff has filed a Motion to Enlarge [the] Time to File [an] Alias Writ pursuant to Superior Court Civil Rules 6(b) and 4(a). While Rule 4(a) provides that no alias writ shall issue except within six months after the return day of the preceding writ, Rule 6(b) permits the Court in its discretion to enlarge the six month period under certain circumstances. See *Lightburn v. Delaware Power & Light Company*, Del.Supr., 158 A.2d 919, 923 (1960). Because plaintiff's motion to enlarge was not filed until after the specified period had expired, Superior Court Civil Rule 6(b)(1), the Court can grant the motion only if plaintiff's failure to act was the result of excusable neglect. Superior Court Civil Rule 6(b)(2).

Plaintiff contends that she erroneously relied on 10 *Del.C.* § 8118. Unaware of our Supreme Court's ruling in *Liles v. Cybak*,[4] supra, plaintiff filed an Amended Complaint, rather than a new action. Plaintiff, however, argues that *Liles* is "hypertechnical", and therefore, contends that her erroneous reliance on the savings statute amounted to excusable neglect.

■ Whether a party's failure to act constitutes excusable neglect is a matter of judicial discretion. *Doherty v. Straughn*, Del.Supr., 407 A.2d 207, 211 (1979); *Lightburn v. Delaware Power & Light Company*, supra, at 923. Although the plaintiff-appellant in *Doherty* had not filed a motion to enlarge, the Court nevertheless considered the applicability of Rule 6(b)(2) to her appeal. The *Doherty* Court determined that ignorance of the rules did not constitute an excuse.

■ In the instant case, plaintiff did not file her motion until eighteen months after the period for seeking an alias writ had expired.[5] Furthermore, the Supreme Court

decision which plaintiff overlooked was reported nearly six years before plaintiff commenced this action. Under these circumstances, the Court finds that ignorance of a case decided by the highest court of this jurisdiction does not constitute excusable neglect, and therefore, plaintiff's motion to enlarge must be denied. Because the motion must be denied, the Court does not reach the question of what effect, if any, the filing of an alias writ would have on plaintiff's action at this stage in the proceedings.

Assuming that the statute of limitations, 10 *Del.C.* § 8119, ran before Mr. Neuberger was named as a defendant, plaintiff nevertheless argues that her action is not barred. She contends that the Amended Complaint against defendant Neuberger relates back to the original Complaint against Mr. Machman. Superior Court Civil Rule 15(c).

Even assuming that the original Complaint was legally effective,[6] Rule 15(c) requires notice. See *Stroik v. Wanamaker*, Del.Super., 315 A.2d 606, 608 (1974). The rule provides that:

> ... [w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew

---

**4.** In *Liles v. Cybak*, supra, the Supreme Court determined that § 8118 "saves a *cause* of *action*, by permitting plaintiffs, under specified circumstances and conditions, to commence a *second* suit; it does not save the original suit". *Id.* at 740.

**5.** Plaintiff asserts that she failed to pursue the litigation because of representations by defendant's insurer that her claim would be re-evaluated. That assertion is considered, infra.

**6.** See note 3, supra.

or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Superior Court Civil Rule 15(c); see also *Mergenthaler, Inc. v. Jefferson,* Del.Supr., 332 A.2d 396, 398 (1975).

■ In an affidavit submitted with his reply brief, defendant Neuberger swears that he had no notice or knowledge of plaintiff's action until after the two year period of limitations had expired.[7] Contra *Ellis v. Woldoff,* Del.Super., C.A. No. 82C–MR–26, Walsh, J. (June 24, 1983) (administrator sought to be added as party had notice of action at time it was originally instituted). Indeed, Mr. Neuberger was not appointed as administrator until after the limitations period had elapsed.[8]

■ The United States District Court for the District of Delaware was confronted with a similar factual situation in *Davis v. Cadwell,* D.Del., 94 F.R.D. 306 (1982), remanded without opinion, *Davis v. Cadwell,* 3d Cir., 709 F.2d 1491 (1983), on remand, *Davis v. Greenleaf,* D.Del., C.A. No. 80–542, Wright, J. (June 16, 1983). In *Davis,* the plaintiffs moved to add the representative of a deceased person's estate as a defendant through an Amendment to the Complaint under Federal Rule of Civil Procedure 15(c). Because the personal representative had not received notice or possessed knowledge of the action against the deceased within the statutory period, the court held that the requirements of Rule 15(c) had not been met. Similarly, in the instant case, the requirements of Superior Court Civil Rule 15(c) have not been met.[9]

Plaintiff's final argument is that the defendant should be estopped from pleading the statute of limitations as a defense. Plaintiff asserts that she relied upon the representations of the defendant's insurer, Allstate Insurance Company, that her claim would be re-evaluated, and as a result, failed to pursue this litigation. When plaintiff was notified in October of 1982 that her claim was time-barred and therefore would not be paid, she contends that she promptly went about having an administrator appointed so that the litigation could proceed.

■ The doctrine of estoppel, as it applies to the actions of an insurer, consists of misleading conduct by or on behalf of the insurer which is relied upon by the insured to his detriment. *First Fed. S & L v. Nationwide Mut. Fire Ins.,* Del.Supr., 460 A.2d 543, 545 (1983), citing *Ottendorfer v. Aetna Insurance Company,* Del.Supr., 231 A.2d 263 (1967). Such mislead-

---

7. Uncontroverted evidence offered in support of a motion for summary judgment must be accepted as true. *Mount Vernon Fire Ins. v. Pied Piper, Etc.,* Del.Super., 445 A.2d 949, 952 (1982), citing *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.,* Del.Super., 312 A.2d 322 (1973).

8. Cf. *Ellis v. Woldoff,* supra (person sought to be added as party had accepted service of original complaint and executed receipt therefor for his wife, the deceased, and while he was not personal representative of wife's estate when originally served, he was only person then authorized to secure appointment as her administrator); contra *Loudenslager v. Teeple,* 3d Cir., 466 F.2d 249 (1972) (where personal representative of named defendant's estate accepted service of complaint by registered mail prior to expiration of limitations period, plaintiff was entitled to amend complaint to name representative as defendant and such amendment related back to date of original claim).

9. Even if the Court did impute the notice and knowledge of the insurance carrier to the administrator, notice of a potential claim is not equivalent to notice of the institution of the action required by Rule 15(c). *Davis v. Cadwell,* supra, at 309; see *Mergenthaler, Inc. v. Jefferson,* supra, at 397–98. Neither the affidavit of plaintiff's attorney, Thomas C. Crumplar, nor Mr. Crumplar's February 17, 1982 letter to defendant's insurer indicate that the carrier had *notice of the institution of the action* prior to the expiration of the statute of limitations, 10 *Del.C.* § 8119. In his affidavit, Mr. Crumplar swears that to the best of his recollection he informed the carrier that he *would be* filing suit against the insured, not that he had instituted an action. Moreover, Mr. Crumplar's letter, admittedly executed after his conversation with defendant's carrier, makes no mention of any lawsuit. Plaintiff has adduced no other evidence of notice on the part of the carrier prior to February 20, 1982.

ing conduct and reliance thereon, when proved by the party invoking the doctrine, tolls the statute of limitations. Accord *Closser v. Penn Mut. Fire Ins. Co.*, Del. Supr., 457 A.2d 1081, 1088 (1983); *Walls v. Abdel-Malik*, Del.Supr., 440 A.2d 992, 996 (1982).[10]

Defendant asserts that the insurer's conduct which forms the basis for plaintiff's argument occurred in mid-1982, after the statute of limitations had expired, and therefore is irrelevant. Defendant, however, overlooks the fact that plaintiff may have been able to file a new action, pursuant to 10 *Del.C.* § 8118, until March of 1983, one year after the return of the original writ.[11] Therefore, Allstate's actions during the summer and early fall of 1982 are relevant. Nevertheless, the Court finds it unnecessary to consider whether the insurer's conduct was misleading.

Assuming *arguendo* that the plaintiff has standing to invoke estoppel,[12] no estoppel has been shown. To prove estoppel, the party invoking the doctrine not only must adduce evidence of misleading conduct, he also must show reliance thereon. See *First Fed. S & L v. Nationwide Mut. Fire Ins.*, supra, at 545. In the instant case, there was no reliance on the part of the plaintiff. Cf. *Reeder v. Sanford School, Inc.*, Del.Super., 397 A.2d 139 (1979). Plaintiff filed her Amended Complaint on February 18, 1983, within the one year extension which § 8118 provides. Plaintiff's action indicates that even if she was hopeful that defendant's insurance carrier would re-evaluate her claim, she was not sufficiently certain of the carrier's position to sit by while the savings statute ran. The fact that plaintiff filed an

Amended Complaint rather than a new action, and therefore, did not avail herself of the savings statute is in no way attributable to the defendant's insurer. As plaintiff concedes, she overlooked our Supreme Court's ruling in *Liles v. Cybak*, supra; she did not rely upon defendant's insurer's representations.

For the foregoing reasons, plaintiff's Motion to Enlarge is denied. Defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.

**10.** Defendant argues that the doctrine of estoppel applies only to contractual limitations and not to statutory limitations. *Walls v. Abdel-Malik*, supra, indicates that the doctrine is not so limited.

**11.** See note 3, supra.

**12.** There was never any privity between the plaintiff and the insurer, Allstate Insurance Company. See *Wilson v. American Insurance Company*, Del.Supr., 209 A.2d 902, 904 (1965).

Furthermore, the insurer is not a party to this action. Cf. *First Fed. S & L v. Nationwide Mut. Fire Ins.*, supra; *Closser v. Penn Mut. Fire Ins. Co.*, supra. Moreover, in cases where estoppel has been invoked against an *insurer*, an insured, not a mere claimant, has raised the defense. See, e.g., *First Fed. S & L v. Nationwide Mut. Fire Ins.*, supra; *Closser v. Penn Mut. Fire Ins. Co.*, supra; *Ottendorfer v. Aetna Insurance Company*, supra.