**CHRISTIANA MALL, LLC, Defendant Below, Appellant,**

v.

**EMORY HILL AND COMPANY, Plaintiff Below, Appellee.**

No. 552, 2013.

Supreme Court of Delaware.

Submitted: April 9, 2014.
Decided: April 15, 2014.

Thomas C. Marconi, Esquire, Losco & Marconi, P.A., Wilmington, Delaware, for appellant.

Scott T. Earle, Esquire, Cohen, Seglias, Pallas, Greenhall & Furman, P.C., Wilmington, Delaware, for appellee.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice:

This is an appeal and cross-appeal from a final judgment entered by the Superior Court in *Emory Hill and Company v. Mrfruz LLC*,[1] denying a motion to vacate the default judgment entered in the proceedings below. The defendant-appellant and cross-appellee, Christiana Mall, LLC ("Christiana"), appeals the Superior Court's finding of substantial prejudice. The plaintiff-appellee, cross-appellant, Emory Hill and Company ("Emory Hill"), appeals the Superior Court's finding of excusable neglect and a meritorious defense with respect to the claim of *quantum meruit*.

We have concluded that Christiana's failure to file a timely answer to the Complaint was not due to excusable neglect. Accordingly, it is not necessary to address the issue of substantial prejudice.[2] Therefore, the judgment of the Superior Court, denying relief from the default judgment, is affirmed, albeit for a different reason.[3]

## Procedural History

This case arises out of a mechanics' lien imposed on a portion of Christiana by Emory Hill, a general contractor, to recover funds for the nonpayment of labor and materials furnished to the structure as part of the tenant fit-out for the co-defendant, Mrfruz, LLC ("Mrfruz"). Mrfruz, through the entity MRF Atlantic, Inc. ("MRF Atlantic"), as the tenant, intended to operate a frozen yogurt franchise at the location in Christiana. The construction by Emory Hill was completed with the knowledge and written permission of Christiana.

On October 17, 2012, Emory Hill filed a complaint asserting a statement of mechanics' lien *in rem* against the structure, and claims of *quantum meruit* and unjust enrichment *in personam* against Christiana ("Complaint"). Christiana's registered agent was served with the suit papers on November 7, 2012. Christiana was required to respond to the complaint, but failed to have its counsel enter his or her appearance in the proceedings, and did not request an extension of time. Therefore, Emory Hill directed the New Castle County Prothonotary to enter default judgment against Christiana on January 30, 2013 (the "Default Judgment").

On April 26, 2013, Christiana moved to vacate the default judgment on the grounds of excusable neglect under Superior Court Civil Rule 60(b)(1) and a void judgment under Rule 60(b)(4). Christiana filed the first affidavit of Frank Francone on May 8, 2013, and Emory Hill filed a response to Christiana's Motion to Vacate

---

1. *Emory Hill and Co. v. Mrfruz, LLC*, C.A. No. 12L–10–021, 2013 WL 5347519 (Del.Super. Sept. 24, 2013).

2. Nothing in this Opinion should be interpreted either as approval or disapproval of the

Superior Court's "substantial prejudice" ruling.

3. *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del.1995).

on May 10, 2013. After a hearing held on May 15, 2013, the Superior Court reserved decision and permitted Christiana leave to supplement its motion to vacate the default judgment.

On June 6, 2013, Christiana supplemented its motion to vacate with two affidavits: one from Steven Chambliss and a second from Frank Francone. Emory Hill filed a supplemental response on June 21, 2013. Christiana filed a reply on June 28, 2013, and a second hearing was held on August 21, 2013. On September 24, 2013, the Superior Court issued its opinion denying Christiana's motion to vacate the default judgment.

The Superior Court found that Christiana had shown excusable neglect and meritorious defenses to Emory Hill's action. Nevertheless, the Superior Court denied Christiana's motion to vacate the default judgment on the basis that granting such relief would substantially prejudice Emory Hill. The Superior Court stated:

> Emory Hill filed its mechanic's lien claim well before the statutory period for filing had run. If Christiana had responded to the Complaint in a timely manner, Emory Hill would have had approximately two full months left to amend the Complaint before the statutory filing period had run. The loss of the opportunity to amend technical defects in the strict, statutorily regulated mechanic's lien proceeding, due to the neglect of the opposing party, is substantial prejudice to Emory Hill.[4]

### Facts [5]

Emory Hill filed a Complaint and Statement of Mechanics' Lien ("Complaint") against Christiana on October 17, 2012, alleging that Mrfruz failed to pay for construction materials and services provided by Emory Hill in connection with a "fit-out" of Mrfruz's yogurt stand at Christiana. Emory Hill seeks to impose a mechanics' lien on the lands and premises which comprise a portion of Christiana, and seeks to recover directly from Christiana based on *quantum meruit, quantum valebant,* and unjust enrichment.

Christiana's registered agent was served in Delaware with the summons and Complaint on November 7, 2012. On November 8, 2012, the registered agent forwarded a copy of the Complaint to Christiana offices in Chicago, Illinois. The Complaint was immediately sent to Christiana's managing agent, General Growth Properties, Inc. ("GGP"). On November 9, 2012, Frank Francone of GGP's legal department sent a copy of the Complaint to Christian's tenant, MRF Atlantic, LLC ("MRF"), also known as Mrfruz, along with a demand that Mrfruz defend and indemnify Christiana in accordance with the terms of the lease between Christiana and Mrfruz. Mrfruz accepted its responsibility to defend and indemnify Christiana by signing and returning Francone's demand letter.

On November 16, 2012, Mrfruz's counsel, David M. Shafkowitz, Esquire, copied Francone on an email sent to Emory Hill's counsel, Scott Earle, Esquire. In that email, Shafkowitz took issue with some of the expenses Emory Hill claimed, and stated: "... I want to confirm that you agreed to provide the appropriate extension of time to respond to the filing in this case...."

On November 21, 2012, Earle responded to Shafkowitz's November 16, 2012 email stating, in pertinent part: "This email confirms that Mr. Fruzz [*sic*] has an exten-

---

4. *Emory Hill and Co. v. Mrfruz, LLC,* 2013 WL 5347519, at *7 (Del.Super. Sept. 24, 2013).

5. The facts are taken from the Superior Court's decision.

sion to answer the complaint and no default judgment will be taken against Mr. Fruzz [*sic*].” Francone was not copied on this e-mail, and Shafkowitz did not forward it to him. Shafkowitz did, however, respond to a November 27, 2012 email from Francone requesting an update, stating:

> Looks like they are reviewing our settlement proposal. He granted the necessary extensions of time to answer. If we do not have it resolved shortly I expect to have it removed for arbitration. I will keep you posted.

On December 11, 2012, Francone sent Shafkowitz another email requesting another update. Shafkowitz did not respond to this request. In his supplemental affidavit, Francone states that he has no recollection (or documentation) of taking any action after Shafkowitz failed to respond to his December 11th email. Francone was not concerned, however, because he believed that: (1) Christiana’s interests were adequately protected based on Mrfruz’s defense and indemnification agreement, (2) Shafkowitz’s assurances that Mrfruz was engaged in settlement discussions, and (3) Shafkowitz’s representations that Earle had granted the necessary extensions of time to answer the Complaint.

Mrfruz was served with process on December 10, 2012. Coincidentally, on December 11, 2012, the same day Francone emailed his second status request, Earle emailed Shafkowitz, informing him that Emory Hill believed Mrfruz was not acting in good faith and had until December 31, 2012 to answer the Complaint. Earle stated in that same email:

> The Christiana Mall LLC, the owner, has been served and has not yet answered the Complaint and Statement of Mechanics Lien and the time period for the owner to answer is now past due. The owner has never requested an extension of time to answer. Please advise through your client that the owner is required to answer the complaint, otherwise, default judgment will be taken against the owner.

Francone was not copied on this email and there is no evidence to suggest that Shafkowitz forwarded it to him.

There is no evidence of communication between Francone and Shafkowitz, or Francone and Earle, between December 10, 2012 and February 12, 2013. According to Francone, he was “heavily engaged in other work throughout the month of December” and then took a vacation during the holidays. Francone returned to work on January 10, 2013, and called Shafkowitz sometime during that week to check on the case’s status. Shafkowitz assured Francone that “the status of the matter was unchanged” and he “expected a resolution in the near future.”

On January 30, 2013, both Defendants having failed to answer the Complaint, Emory Hill filed a Direction for Entry of Default Judgment against Mrfruz and Christiana. Christiana was notified of the default on February 13, 2013. Francone immediately engaged counsel and emailed Shafkowitz, demanding that the default judgment be vacated. Christiana’s counsel entered an appearance the next day and filed the motion to vacate the default judgment on April 26, 2013. Notably, on March 4, 2013, Emory Hill’s counsel filed a Suggestion of Bankruptcy as to Mrfruz.

### *Parties’ Contentions*

Christiana argues the default judgment should be lifted and the case pursued on its merits based on Christiana’s excusable neglect, under Superior Court Civil Rule 60(b)(1). Christiana asserts that its neglect was excusable because it acted promptly by tendering the Complaint to its tenant, Mrfruz, who accepted the obligation to defend and indemnify Christiana.

Christiana also claims excusable neglect based on Christiana's reliance on Shafkowitz's assurances.

Emory Hill argues that Christiana's reliance on Shafkowitz was "foolish," and "[a]lthough it had Delaware counsel, the Mall failed to properly answer ... the Complaint, did not have its Delaware counsel enter its appearance, took no effort to confirm an extension with [Emory Hill's] counsel, and did not require verification" that Christiana had an extension of time to answer. Emory Hill also argues that it will be substantially prejudiced because any amendment to the mechanic's lien portion of the Complaint, to overcome Christiana's "numerous 'hyper-technical' arguments alleging [lien] defect," will be time-barred.

### Standard of Review

 Superior Court Civil Rule 60(b)(1) authorizes the Superior Court to relieve a defendant of a default judgment if the defendant can show either excusable neglect or that the judgment is void.[6] For the Superior Court to grant relief from a default judgment because of excusable neglect, the defendant must show: "(1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits; and (3) [ ] that substantial prejudice will not be suffered by the plaintiff if

the motion is granted."[7] The defendant must first establish excusable neglect before the Superior Court will consider whether a meritorious defense or prejudice to the plaintiff exists.[8]

### No Excusable Neglect

 Christiana concedes that it was negligent and that in "hindsight," it was "foolish for [Christiana] to believe that Mr. Shafkowitz was looking out for Christiana's interest[s ... ]." The issue is whether Christiana's admitted negligence is excusable rather than mere neglect or indifference. Excusable neglect is defined as "neglect which might have been the act of a reasonable prudent person under the circumstances."[9] The Superior Court concluded that "Christiana was negligent, but that its actions did not amount to 'sheer indifference' or 'without reasons.'" That conclusion is not supported by the record.

Christiana is owned by Fortune 500 trust company, General Growth Property ("GGP"), that has an office of general counsel and a legal department headed by Francone. An entity with this level of sophistication and resources should not have engaged in what it admitted was "foolish behavior." Christiana's conduct demonstrated indifference to the Superior Court proceedings.

Christiana did not engage or consult with its own counsel upon receipt of the Complaint because it relied on the repre-

---

6. Super. Ct. Civ. R. 60(b) (providing, in pertinent part: "On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void.").

7. *Verizon Delaware, Inc. v. Baldwin Line Const. Co., Inc.*, 2004 WL 838610, at *1 (Del.Super. Apr. 13, 2004).

8. *Lee v. Charter Commc'ns VI, LLC*, 2008 WL 73720, at *1 (Del.Super. Jan. 7, 2008) (citing *Apartment Cmtys. Corp. v. Martinelli*, 859 A.2d 67, 72 (Del.2004)).

9. *Watson v. Simmons*, 2009 WL 1231145, at *2 (Del.Super. Apr. 30, 2009) (citing *Battaglia v. Wilmington Sav. Fund Soc'y*, 379 A.2d 1132, 1135 (Del.1977)).

sentations of the attorney for Mrfruz, based on Mrfruz's obligation to defend and indemnify Christiana. Francone believed, based on that obligation and Shafkowitz's November 27, 2012 email, that Mrfruz was engaged in good faith negotiations with Emory Hill and that both Christiana and Mrfruz had an extension of time to answer.

The question becomes, then, whether it was reasonable for Francone to rely on Shafkowitz's assurances, especially after Shafkowitz failed to respond to Francone's December 11, 2012 email. MrFruz was facing claims in an amount in excess of $187,984.84 for the non-payment of the costs for construction work. That is a substantial sum for a small business selling frozen yogurt in a shopping mall. The Superior Court opinion states:

> When Shafkowitz failed to respond to Francone's December 11, 2012 email, Francone should have followed up immediately with Shafkowitz and/or engaged Christiana's retained counsel immediately if Shafkowitz was not responding. Instead, Francone ignored the Complaint for weeks and went on vacation. He did so without knowing how long an extension Shafkowitz had obtained and whether Emory Hill knew Shafkowitz was purportedly representing Christiana.
>
> For approximately two and a half months after Christiana was required to answer the Complaint, it was only minimally involved in resolving the dispute because Shafkowitz assured Christiana that he was engaged in the process of settlement and impliedly represented that an extension had been granted to both parties.

A reasonably prudent defendant in Christiana's position would have made an

effort to verify the extension of time with plaintiff's counsel and would not simply rely on second-hand information from an adverse codefendant's attorney. Christiana could have verified the extension of time by using its general counsel's office to contact counsel for Emory Hill. In the alternative, Christiana could have required Shafkowitz to forward written confirmation of the extension of time that it received from Emory Hill. However, Christiana made no effort to verify the extension of time or even to inquire about the length of the extension allegedly secured for it by its codefendant Mrfruz.

■ In *Watson v. Simmons*, the defendants mistakenly believed that they had an on-going extension of time and relied on the indemnifying-entity to attend to the suit.[10] The indemnifying insurance adjuster "relied on the possibility of settlement," rather than forwarding the suit papers on to defense counsel. In that case, the trial court found that "[b]ecause the Court can find that defendants' insurer's conduct in failing to process the complaint was the result of inexcusable neglect, the Court need not address whether ..." the defendants' conduct was excusable.[11] We hold that a reasonable defendant relying on a co-defendant to defend and indemnify under a contractual provision must make reasonable efforts to ensure their rights are, in fact, being adequately protected.[12] The record reflects that Christiana made no such effort.

Christiana's failure to retain counsel was also not excusable neglect. "The case law makes clear that it is unreasonable not to seek counsel upon receiving notice of a

---

**10.** *Watson v. Simmons*, 2009 WL 1231145, at *1–3 (Del.Super. Apr. 30, 2009).

**11.** *Id.* at *3.

**12.** *Id.; Lee v. Charter Commc'ns VI, LLC*, 2008 WL 73720, at *2 (Del.Super. Jan. 7, 2008).

complaint."[13] No counsel entered their appearance on behalf of Christiana for nearly eighty days from November 7, 2012 until February 14, 2013, and only *after* default judgment was entered against it.

The record establishes that retention of a Delaware lawyer was needed to properly protect Christiana's interests in this matter. State mechanics' lien law is not the same in every state. Upon receiving notice of the default judgment, the general counsel's office of GGP, the managing entity of Christiana, did not believe the payment of the labor and materials was the responsibility of Christiana. The representative stated that the matter was "not Christiana's problem."

In some jurisdictions, only the leasehold is lienable, and in those jurisdictions, Christiana may have been correct.[14] Because Christiana gave written permission for the work, however, Delaware law allows the mechanics' lien to be imposed against the fee simple interest of the structure.[15] Christiana would have known this if it had retained Delaware counsel to protect its interests upon receiving the Complaint.

We hold that it is not excusable neglect for a party, relying on a codefendant to defend and indemnify it, to disregard its obligations to the court, fail to monitor the docket in the proceedings, fail to verify extensions of time, and fail to ensure that its own interests were being properly represented and protected. In this case, Christiana did all of these things. Therefore, Christiana failed to demonstrate that its neglect was excusable. For that rea-

son, its motion to set aside the default judgment was without merit and should have been denied on that basis.

### Conclusion

The judgment of the Superior Court is affirmed.

---

13. *Watson v. Simmons*, 2009 WL 1231145, at *3, nn. 12, 14 (Del.Super. Apr. 30, 2009) (citations omitted).

14. *See* Elaine Marie Tomko, *Landlord's Liability to Third Party for Repairs Authorized by Tenant*, 46 A.L.R.5th 1 (1997); Maurice T. Brunner, *Enforceability of Mechanic's Lien*

*Attached to Leasehold Estate Against Landlord's Fee*, 74 A.L.R.3d 330 (1976).

15. Del.Code Ann. tit. 15, § 2722; *King Constr., Inc. v. Plaza Four Realty, LLC*, 976 A.2d 145, 154–54 (Del.2009).