IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMY LOUISE SIMPSON,[1] | § | |
| | § | No. 601, 2018 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN15-02666 (S) |
| CALVIN G. SIMPSON, | § | |
| | § | Petition Nos. 17-30245, |
| Respondent Below, | § | 18-00722 |
| Appellee. | § | |
| | § | |

Submitted: May 31, 2019
Decided: August 8, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The petitioner below-appellant, Amy Louise Simpson ("the Wife"), has filed this appeal from the Family Court's order, dated November 9, 2018, denying her motions for relief under Family Court Civil Rules 60(b), new trial under 59(a), and reargument under 59(e).   After careful consideration, this Court concludes that the Family Court's judgment should be affirmed.

---

[1] The Court previously assigned pseudonyms the parties under Supreme Court Rule 7(d).

(2)     The Wife and the respondent below-appellee, Calvin G. Simpson ("the Husband"), were married on March 20, 1993 and divorced on August 14, 2015. After an ancillary hearing, the Family Court entered an order on property division and alimony on September 19, 2016. The Family Court ordered the parties to divide all household goods (except for furniture that the Husband documented as purchased before the marriage) 50/50 by agreement or by the two-list method.[2]

(3)     On September 27, 2017, the Wife filed a petition for a rule to show cause, alleging that the Husband had refused to honor her list of requested household goods and had failed to provide two lists of household goods. The Wife also alleged that the Husband had failed to sign a release for funds the Wife received in connection with a car accident. In response, the Husband stated that he had emailed the required lists to the Wife's counsel on December 28, 2016. The Husband also stated that he had returned the signed release to the Wife's counsel.

---

[2] This Court has described the two list method as follows:

> The "two-list method" is a means of dividing marital household furnishings and miscellaneous tangible personal property where one spouse prepares two separate lists of the property subject to division. The other spouse then gets to select the list of personal property that he or she wishes to retain, while the other list of property is retained by the party who prepared the lists. The idea is that, because the other spouse has the choice between the two lists, the list-preparing spouse will prepare balanced lists, and the division will be fair.

*Schmidt v. Schmidt*, 2018 WL 4031049, at *1 n.2 (Del. Aug. 23, 2018) (citations omitted).

(4)     At the November 8, 2017 hearing on the rule to show cause, the Wife's counsel admitted that after he received the Husband's response to the Rule to Show Cause petition, he had reviewed his email files and had found the Husband's email with the two lists. He informed the Family Court that the Wife requested the items on List A. The Wife's counsel stated that he never received an original copy of the signed release. The Family Court resolved the release issue by having the Husband sign the release and notarizing the release. The Family Court entered a written order holding that the Wife would receive the List A items and that the Husband would receive the List B items. The order required the parties to cooperate in transferring the property on the lists. The order also established the schedule for the Wife's intended application for attorneys' fees.

(5)     In addition to filing a motion for attorneys' fees, the Wife filed a motion for a new trial. The motion alleged that the Husband failed to include all of the household items acquired by the parties during the marriage on the lists but the Wife had selected List A to resolve the matter, the Husband had failed to release the items on List A, and the Husband and had failed to comply with the Family Court's orders. Through newly retained counsel, the Husband opposed both motions. The Husband argued that he was not found in contempt so there was no basis for an award of attorneys' fees, he had responded to inquiries regarding the retrieval of the List A items, and there was no basis for a new trial. The Family Court denied both motions.

3

(6) On January 9, 2018, the Wife filed a motion for relief from the November 8, 2017 order under Rule 60(b). The Wife argued that the Husband had failed to comply with the ordered two-list method because List B contained more than forty items that also appeared on List A. The Wife also filed another petition for a rule to show cause, alleging that the Husband had failed to comply with the November 8, 2017 order. The Husband opposed both motions, arguing that the Husband did not have counsel at the time he prepared the lists and did not know how to comply with the two-list method. The Husband also argued that the Wife or her counsel should have discovered the mistake with the lists sooner and that the Wife was seeking items he acquired after their separation or that she had already collected from him.

(7) On February 13, 2018, the Family Court granted in part and denied in part the motion for relief under Rule 60(b). The Family Court held that the Wife was not entitled to relief under Rule 60(b), but that the Family Court could exercise its equitable powers under 10 *Del. C.* § 925 to grant relief.[3] The Family Court found that both parties had acted with unclean hands because they both had ample opportunity to discover the Husband's error and correct it at the November 8, 2017 hearing. The Family Court ordered the Husband to divide the items on List A into

---

[3] 10 *Del. C.* § 925(15) ("In any civil action where jurisdiction is otherwise conferred upon the Family Court, it may enter such orders against any party to the action as the principles of equity appear to require.").

two lists and the Wife to pick one of the lists. The Family Court reminded the Wife that she was not entitled to items the Husband purchased after the separation and that she could not request items that she had already collected. The Family Court dismissed the Wife's rule to show cause petition as moot.

(8) On February 23, 2018, the Wife filed a motion for reargument, arguing that the Husband had acted wrongly by preparing lists that did not contain all of the household goods and that the Wife should receive all of the items on List A or have the opportunity to prepare two lists of all the relevant household goods. The Husband opposed the motion. On March 21, 2018, the Wife filed a motion for enlargement of time and an objection to the two lists prepared by Husband. The Wife argued that the lists prepared by the Husband did not include many of the items on List A and that the Husband failed to show he purchased the omitted items after separation.

(9) The Family Court granted the Wife's motion for reargument so that the parties could offer evidence and testimony at a rule to show cause hearing. The Family Court would then determine how to divide the parties' property. The hearing was scheduled for May 24, 2018 from 2:00 p.m. to 4:30 p.m. By the time the hearing concluded on May 24th, only the Husband had testified. The Family Court scheduled another hearing on June 26, 2018 from 2:00 p.m. until 4:30 p.m. so that the parties could conclude their cases.

5

(10)    The June 26, 2018 hearing began at 2:05 p.m. and concluded at 2:06 p.m.  The Wife's counsel was seen entering the courthouse, but was not present for the hearing.  The Husband's counsel asked for dismissal of the matter with prejudice.  When the Family Court asked for the Wife's position on the motion to dismiss, the Wife asked that the motion not be granted.  She stated that she did not know why her counsel was not present.  The Family Court held that the Wife's counsel was late and dismissed the matter with prejudice.  On June 28, 2018, the Family Court entered a written order dismissing the case.  In the written order, the Family Court found that dismissal with prejudice was necessary because:

> The parties have litigated property division of personal property since 2016, have been unable to come to a resolution, and as is discussed in its February 2018 Order, the Court believes Wife and Wife's counsel, like Husband, acted negligent and careless in not correcting or discovering Husband's error in copying the first forty-four items in list "A" to list "B."  While it may seem unfair, the Court may impose upon a party the consequences of her chosen attorney's course of conduct. Following Wife's counsel disregard to timely appear at the Court's scheduled hearing, the Court finds that dismissal with prejudice is appropriate, and Husband shall not be held in contempt.[4]

(11)    The Wife's counsel filed motions under Rule 59(a), 59(e), and 60(b). In addition to arguing again that the Husband had failed to comply with the Family Court's orders regarding the lists of household items, the Wife's counsel stated that he was late for the June 26, 2018 hearing because he became ill and lightheaded as

---

[4] File No. CN15-002666, Petition No. 18-00722, Order at 2 (Del. Fam. Ct. June 28, 2018) (hereinafter referred to as "Order at __").

6

he walked to the courthouse. The parties were still in the courtroom when he arrived. Counsel submitted paperwork showing that he went to the medical aid unit that night for lightheadedness and high blood pressure. The Husband opposed the motions, arguing that the Wife's counsel appeared fine when he was walking to the courthouse, the Wife's counsel had failed to respond to the Family Court's telephone calls, and the Wife's counsel did not inform court staff or the Husband's counsel that he had suffered a health-related emergency when he arrived late to the hearing. The Husband also noted that the Wife's counsel did not seek medical attention until six hours after the hearing and did not receive any treatment at that time other than being advised to see his primary physician if his conditions worsened.

(12) On November 9, 2018, the Family Court denied all of the Wife's motions. The Family Court expressed sympathy if the Wife's counsel had indeed fallen ill on the way to courthouse, but noted that counsel failed to notify the Family Court of this illness, waited six hours to seek medical attention, and offered no evidence to substantiate the seriousness of his illness. This appeal followed.

(13) This Court reviews the Family Court's factual and legal determinations as well as its inferences and deductions.[5] We will not disturb the Family Court's rulings on appeal if the court's findings of fact are supported by the record and its explanations, deductions, and inferences are the product of an orderly and logical

---

[5] *Long v. Div. of Family Servs.*, 41 A.3d 367, 370 (Del. 2012).

reasoning process.[6] We review legal rulings *de novo*.[7] If the Family Court correctly applied the law, then our standard of review is abuse of discretion.[8]

(14) The Wife's arguments on appeal may be summarized as follows: (i) the parties reached a settlement at the November 8, 2017 hearing and the Family Court erred by failing to enforce its November 8, 2017 order that the Wife receive the items on List A; and (ii) the Family Court erred in depriving the Wife of the opportunity to present her case at the June 26, 2018 hearing and in denying her motion for relief under Rule 60(b).[9]

(15) As to the Wife's first argument, the record supports the Family Court's implicit rejection of the Wife's claim that the parties reached an enforceable settlement at the November 8, 2017 hearing. The Family Court determined that the Husband, who was pro se at the time he prepared the lists, incorrectly, but not fraudulently, prepared two lists containing many of the same items. The Wife's contention that the Husband represented in his answer to her first petition that she would receive the household items on her list is not convincing because the Husband was simply quoting language in the Wife's petition and then providing a response.

---

[6] *In re Heller*, 669 A.2d 25, 29 (Del. 1995).

[7] *Id.*

[8] *CASA v. Dep't of Servs. for Children, Youth and Their Families*, 834 A.2d 63, 66 (Del. 2003).

[9] The Wife does not challenge the Family Court's denial of her motions for reargument and for a new trial and has therefore waived those claims. Supreme Court Rule 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal.").

Given the overlapping nature of the lists, it is unclear what the Husband was offering for the Wife to collect (other than unspecified personal belongings) in his response to her petition.

(16)   At the November 8, 2017 hearing no one said anything about the lists containing many of the same items, the Husband preparing the lists incorrectly, or a mutual agreement that the parties had agreed to deviate from the two-list method with the Wife receiving household goods that appeared on both List A and List B. The Family Court's written order that the Wife receive the items on List A as she requested and that the Husband receive the items on List B reflects the standard application of the two-list method.   In issuing this order, the Family Court was unaware that the lists contained many of same items, making it unclear who was to receive items that appeared on both lists.

(17)   The Wife's counsel did not inform the Family Court until the January 2018 motion for relief under Rule 60(b) that the lists contained many of the same items.  In deciding this motion, the Family Court found that both the Wife and the Husband had acted with unclean hands and exercised its equitable powers to order the Husband to divide the List A items into two lists and for the Wife to select one of the lists.  After the parties were still unable to agree on what should appear on the lists, the Family Court scheduled a new rule to show cause hearing so the parties could offer evidence and testimony and the Family Court could decide how to divide

9

the household goods. Given the confusing circumstances and both sides' contribution to that confusion, the Family Court was well within its discretion in deciding to resolve how the household items should be divided after a new hearing.

(18) The Wife next argues that the Family Court abused its discretion in dismissing her petition with prejudice and in denying her motion for relief under Rule 60(b). "[T]he grant or denial of a Rule 60(b) motion is generally reviewed for an abuse of discretion. A claim that the trial court employed an incorrect legal standard, however, raises a question of law that this Court reviews *de novo*."[10] A final judgment may be reopened under Rule 60(b) for a variety of reasons, including mistake, inadvertence, and excusable neglect under Rule 60(b)(1) and "any other reason justifying relief" under Rule 60(b)(6). Excusable neglect is "neglect which might have been the act of a reasonable prudent person under the circumstances."[11] Rule 60(b)(6) requires a showing of "extraordinary circumstances."[12] Rule 60(b) is liberally construed in light of the underlying policy in favor of a trial on the merits, but the movant bears the burden of establishing a basis for relief.[13]

(19) In reviewing the Wife's Rule 60(b) motion, Family Court correctly examined whether: (i) the Wife established a basis for relief under Rule 60(b); (ii)

---

[10] *MCA, Inc. v. Matsushita Elec. Indus. Co.*, 785 A.2d 625, 638 (Del .2001).
[11] *Christiana Mall, LLC v. Emory Hill and Co.*, 90 A.3d 1087, 1091 (Del. 2014).
[12] *Jewell v. Div. of Soc. Servs.*, 401 A.2d 88, 90 (Del. 1979).
[13] *Battaglia v. Wilmington Sav. Fund Soc'y*, 379 A.2d 1132, 1135 (Del. 1977).

the outcome of the case would be different if the requested relief was granted; and (iii) whether the nonmoving party will suffer substantial prejudice if the judgment is reopened.[14] The Family Court also considered whether the Wife was entitled to relief under Rule 60(b)(6). As the Family Court recognized, the Wife did not identify which provision or provisions of Rule 60(b) that she relied upon in her motion. In her briefs on appeal, the Wife makes one reference to Rule 60(b)(1), but primarily relies upon Rule 60(b)(6). We have considered both provisions.

(20) Although the Family Court did not explicitly address whether the Wife had shown excusable neglect for her counsel's late appearance at the June 26, 2018 hearing, the Family Court did in substance consider this factor. The Family Court expressed doubts concerning counsel's explanation for his late arrival.[15] As the Family Court found, the Wife's counsel failed to notify the court of his illness, waited six hours to receive medical attention, and did not submit evidence substantiating the severity of his illness. There is no indication in the record that when the Wife's counsel arrived late for the hearing that he informed anyone, including his client, that he had fallen ill on the way to the courthouse. Under these

---

[14] *Tsipouras v. Tsipouras*, 677 A.2d 493, 495 (Del. 1996) (listing factors this Court will consider in deciding whether there was abuse of discretion).

[15] Order at 8 ("The Court is sympathetic to Wife's counsel *if* he suffered an illness on his way to Court….") (emphasis added).

11

circumstances, we cannot second-guess the Family Court's implicit finding that the Wife's counsel had not demonstrated excusable neglect.

(21) Likewise, we cannot find that the Family Court erred in holding that the Wife failed to show the likelihood of a different outcome on her petition for a rule to show cause. The property division order was issued in September 2016, but the Wife's counsel did not contact the Husband until December 2016 and did not file the petition for a rule to show cause until September 2017. That petition incorrectly stated that Husband had not provided two lists, but as the Wife's counsel admitted at the November 8, 2017 hearing the Husband had emailed him lists in December 2017. Instead of promptly informing the Husband and the Family Court that the lists contained many of the same items and were not in accordance with the two-list method, the Wife pursued an argument—found to be unsupported by the record by the Family Court as discussed above—that the parties had agreed for the Wife to receive items that appeared on both lists. After the Family Court exercised its equitable powers to try and resolve the dispute, the Wife's counsel failed to appear on time for the hearing and then offered a questionable explanation for this failure. Given these facts, the Family Court's determination that the Wife would not succeed in her petition to hold the Husband in contempt is supported by the record.

(22) The Family Court also had a sufficient basis in the record to find that the Husband would be substantially prejudiced if the judgment was reopened. The

property division dispute involves household goods. The parties have been separated for years and have set up separate households. There is no indication that the disputed household goods are particularly valuable. These factors support the Family Court's determination that forcing the Husband to continue litigating the Wife's rule to show cause petition at this point would substantially prejudice him.

(23) Finally, the Family Court's finding the Wife failed to establish extraordinary circumstances to justify relief under Rule 60(b) is also supported by the record. Contrary to the Wife's position, this was not a situation where the Family Court hastily dismissed a meritorious case after counsel for one party was late for a hearing after suddenly falling ill. As the Family Court found, the Wife pursued her rule to show cause petition over the division of household goods in a dilatory and confusing manner and her counsel's explanation for his untimely appearance was questionable.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice