# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SALT AIR HOMES II, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No.: K25L-08-005 NEP |
| | ) | |
| ST. PAUL AFRICAN METHODIST | ) | |
| EPISCOPAL CHURCH OF | ) | |
| HARRINGTON, A Delaware | ) | |
| Corporation, Owner or Reputed | ) | |
| Owner, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 7, 2025
Decided: January 28, 2026

## ORDER[1]

### *Upon Defendant's Motion to Set Aside Default Judgment*

### DENIED

Defendant St. Paul African Methodist Episcopal Church of Harrington ("Defendant") has filed a Motion to Set Aside Default Judgment.  For the following reasons, Defendant's motion is **DENIED.**

1.  According to the pleadings, Plaintiff Salt Air Homes II, LLC ("Plaintiff"), and Defendant allegedly entered into a contract in January 2025 under which Plaintiff was to construct a community building for Defendant for an agreed upon price.[2]  Plaintiff alleges that construction was completed in May 2025 and that Defendant tendered a partial payment on May 5, 2025, which was later dishonored

---

[1] Citations in the form of "D.I. ___" refer to docket items.
[2] Compl. and Statement of Claim for Mech. Lien ¶ 4 (D.I. 2).

upon presentment.[3]  Plaintiff further alleges that Defendant has failed to remit the full amount due under the contract.[4]

2.    On August 12, 2025, Plaintiff filed its Complaint and Statement of Claim for Mechanic's Lien.[5]  A Writ of Scire Facias Sur Mechanic's Lien was issued on August 19, 2025,[6] and served on Defendant by substitute service and posting on August 20, 2025.[7]  The Writ expressly required Defendant to file a response within twenty days of service.[8]

3.    Defendant does not dispute that service was effected but alleges that, following service, the Complaint was forwarded through the African Methodist Episcopal Church from local leadership to district-level leadership outside Delaware.[9]  According to Defendant, Paul P. Martin, Esquire ("Martin"), an attorney for the district, received the Complaint on or about August 27, 2025, and was thereafter authorized to seek Delaware counsel.[10]  Defendant alleges that, during the period leading up to the response deadline, Martin contacted several Delaware attorneys but encountered difficulties related to availability, responsiveness, or conflicts.[11]

4.    Defendant alleges that, during this same period, Martin mistakenly believed that a thirty-day response deadline applied, based on his experience in other jurisdictions, and therefore did not appreciate the need to seek an extension prior to the expiration of the twenty-day period stated in the Writ.[12]  Defendant further

---

[3] *Id.* at ¶¶ 5–6.
[4] *Id.* at ¶ 7.
[5] D.I. 2.
[6] D.I. 3.
[7] D.I. 4, 5.
[8] D.I. 2.
[9] Mot. to Set Aside Default Judgment at ¶ 2 (D.I. 8).
[10] *Id.* at ¶ 3.
[11] *Id.*
[12] *Id.* at ¶¶ 4, 15.

alleges that on September 9, 2025, Martin contacted Plaintiff's counsel to discuss potential resolution. Counsel spoke on September 10, 2025, but no agreement was reached.[13]

5. Defendant failed to file a timely answer or otherwise respond within the prescribed twenty-day period. On September 12, 2025, Plaintiff filed a Direction to Enter Default Judgement pursuant to Superior Court Rule 55.[14] Counsel for Defendant thereafter entered an appearance on September 16, 2025, and filed the instant Motion to Set Aside Default Judgment on September 18, 2025.[15]

6. Oral argument was held on November 7, 2025, at which time the Court heard arguments from counsel and took the matter under advisement.[16]

7. A motion to set aside a default judgment under Superior Court Civil Rule 60(b)(1) is addressed to the sound discretion of the Court.[17] To obtain relief from a default judgment under Rule 60(b)(1), the moving party must demonstrate: (1) excusable neglect leading to the default; (2) the existence of a meritorious defense; and (3) that vacating the judgment will not substantially prejudice the non-moving party.[18] The moving party must first establish excusable neglect before the Court may consider the remaining two prongs of the Rule 60(b)(1) analysis.[19]

8. "Excusable neglect" is neglect that might have been the act of a reasonably prudent person under the circumstances; mere negligence or carelessness without justification will not suffice.[20]

---

[13] *Id.* at ¶ 4.
[14] D.I. 6.
[15] D.I. 7, 8.
[16] D.I. 16.
[17] *Battaglia v. Wilmington Sav. Fund Soc'y*, 379 A.2d 1132, 1135 (Del. 1977).
[18] *Verizon Del. Inc. v. Baldwin Line Constr. Co.*, 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004).
[19] *Neumoyer v. J.B. Hunt Transp. Servs., Inc.*, 2024 WL 261164, at *2 (Del. Super. Jan. 23, 2024).
[20] *See Battaglia*, 379 A.2d at 1135 n.4 (citing *Cohen v. Brandywine Raceway Association*, 238

9. Misunderstanding or mistake surrounding clear procedural deadlines does not constitute excusable neglect. In *Cohen v. Brandywine Raceway Association*, the Court declined to vacate a default judgment where an office manager received and then "forgot about" case-related documents for several weeks.[21] In *Hardy v. Harvell*, the Court declined to find excusable neglect justifying relief from a judgment of dismissal where counsel for the plaintiff failed to calendar a deadline and missed the filing date entirely.[22] In *JumpCrew LLC v. Bizconnect, Inc.*, the Court declined to vacate a default judgment where the defendant failed to update its registered agent's address, resulting in missed service of process.[23] In *White v. Eastern Lift Truck Co., Inc.*, the Court declined to vacate a default judgment where a defendant's internal mail procedure caused service of process to be misdirected and unanswered.[24] Taken together, these decisions demonstrate that Delaware courts decline to find excusable neglect in circumstances that are at least as, if not more, sympathetic than Defendant's circumstances.[25]

10. Failure to seek or verify an extension of time to respond to the complaint may also support denial of relief under Rule 60(b)(1) where the party or its representative was properly served and had notice of the applicable response deadline.[26]

---

A.2d 320, 325 (Del. Super. 1968)); *see also O'Rourke v. PNC Bank*, 2021 WL 3507666, at *3 (Del. Super. Aug. 9, 2021).

[21] 238 A.2d at 323–25.

[22] 930 A.2d 928 (TABLE), 2007 WL 1933158, at *1–2 (Del. 2007).

[23] 2022 WL 2828174, at *2, *4–5 (Del. Super. July 5, 2022).

[24] 2021 WL 81721, at *1, *3 (Del. Super. Jan. 8, 2021).

[25] Contrast these decisions with *Gam, LLC v. Blue Swan, Inc.*, 2018 WL 6601173, at *2 (Del. Super. Dec. 11, 2018), where the Court found excusable neglect where the defendants failed to answer during active settlement negotiations and reasonably believed litigation deadlines were held in abeyance.

[26] *See Christiana Mall, LLC v. Emory Hill and Co.*, 90 A.3d 1087, 1092 (Del. 2014) (defendant did not demonstrate excusable neglect where its in-house counsel failed to verify extension of time with plaintiff's counsel but merely relied upon second-hand information from adverse co-defendant's attorney).

11. In the instant case, Defendant was properly served with the Complaint and Writ of Scire Facias, which expressly provided a twenty-day deadline to respond, yet failed to timely answer or seek an extension before the expiration of that deadline.[27] Here, as in *Hardy*, the cause of the missed deadline was counsel's failure to appropriately respond to a clear, court-imposed filing deadline.[28] In *Hardy*, the Delaware Supreme Court affirmed the denial of Rule 60(b) relief where plaintiff's counsel received notice of a specific response deadline set by the Court but "mistakenly and/or inadvertently failed to note and comply" with it.[29] The Court held that such attorney error did not constitute excusable neglect, and that counsel's misunderstanding or inattention to a deadline falls below the standard of reasonable prudence.[30] Moreover, the fact that in this case Defendant's counsel was a non-Delaware attorney does not change the analysis.[31]

12. Defendant's explanation that out-of-state counsel "likely" mistakenly believed a thirty-day response period applied, and that counsel experienced difficulty securing Delaware counsel, reflects a misunderstanding of clearly stated procedural requirements rather than circumstances beyond Defendant's control.[32]

13. Neither does the relatively brief interval between the entry of default judgment and Defendant's filing of the instant motion alter the Court's analysis. In *Parkway Gravel, Inc. v. US Lubes, LLC*, default judgment was entered after the defendant was properly served and failed to respond within the prescribed twenty-day period.[33] Defendant's counsel contacted opposing counsel within one week of

---

[27] D.I. 4, 5.
[28] 2007 WL 1933158, at *1.
[29] *Id.* at *1–2.
[30] *Id.*
[31] *See Cohen*, 238 A.2d at 325 (in declining to vacate default judgment, court relied in part upon the negligence of defendant's New York attorney, who failed to insure that defendant's office manager acted upon suit papers).
[32] Mot. to Set Aside Default Judgment at 2 (D.I. 8).
[33] 2014 WL 1760015, at *1 (Del. Super. Apr. 15, 2014).

the default and promptly moved to vacate the judgment.[34] Despite the short delay and the promptness of the motion, the Court denied relief, stating as part of its holding that the length of time between the entry of default and the filing of a motion to set aside the default is irrelevant to the excusable neglect inquiry.[35]

14. Under these circumstances, Defendant's failure to timely respond does not constitute excusable neglect within the meaning of Rule 60(b)(1). Due to Defendant's failure to make the threshold showing of excusable neglect, the Court need not address whether Defendant has demonstrated a meritorious defense or lack of prejudice to Plaintiff.[36]

15. Although Delaware courts favor resolving cases on their merits,[37] that policy does not relieve litigants of their obligation to comply with clear procedural rules or excuse neglect that falls below the standard of reasonable prudence. As the Delaware Supreme Court has explained, "[r]ules of court are intended to speed up and promote the decision of causes on their merits, but this does not mean that any failure to comply with the rules may be excused on the ground that a decision upon the merits will not be obtained."[38]

**WHEREFORE**, for the foregoing reasons, Defendant's motion is hereby **DENIED.**

---

[34] *Id.*

[35] *Id.* at *3.

[36] *See Neumoyer*, 2024 WL 261164, at *2.

[37] *See Moises Maldonado's Makeovers v. Jones*, 2025 WL 1090989, at *6 (Del. Super. Apr. 8, 2025) (citing *Apartment Cmtys. Corp. v. Martinelli*, 859 A.2d 67, 69 (Del. 2004)).

[38] *Liles v. Cybak*, 357 A.2d 739, 740 (Del. 1976).

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls

oc:   Prothonotary
cc:   Counsel of Record